ABIGAIL W. C. GILSON & others *vs.* REUBEN M. HUTCHINSON.

Suffolk.   Nov. 16, 1875. — March 1, 1876.   COLT & LORD, JJ., absent.

A mortgagor procured the mortgaged estate to be sold under a power in the mortgage to a third person, who advanced no funds for the purchase, upon a secret trust for the mortgagor, to evade liabilities to his wife from whom he had been separated, and to deprive her of her dower. He died without having procured a conveyance of the property to himself, and his widow was appointed administratrix of his estate. *Held,* that she could maintain a bill in equity against the trustee for the recovery of the property as administratrix and in her own right. *Held, also,* that the heirs at law of the intestate were properly joined in the bill as plaintiffs.

Upon a bill in equity for the reconveyance of land, it was found, adversely to the defendant's allegations in his answer, by a single justice of this court, before whom the case was heard, that it had been conveyed to the defendant under a power of sale in a mortgage, by collusion between the mortgagor and the defendant, that the fund for the purchase and for houses subsequently built upon the land had been furnished by the mortgagor, that no funds for either purpose had been furnished by the defendant, and that he held the property in trust for the mortgagor. After the judge had stated that he had arrived at these conclusions, but before any decree was made, the defendant moved to amend his answer so as to set forth the moneys and loans advanced to the mortgagor which had been employed by him in the purchase of the property and in the erection of the buildings and improvements upon the land, and for a reference to a master to state the account thereof. The presiding judge thereupon directed the defendant to file these accounts, and, upon examination thereof, decided that they embraced no other matters than those that had been passed upon, and refused to refer them to a master. *Held,* that the presiding judge could not have referred these accounts without reversing the finding that nothing had been paid by the defendant and trying the question anew, which he was not bound to do.

BILL IN EQUITY by Abigail W. C. Gilson, as administratrix of Samuel Gilson, and in her own right, for the reconveyance by the defendant of a lot of land with buildings thereon upon Northampton Street in Boston, and for an account of the rents and profits of this estate since Gilson's decease and of the proceeds of a mortgage held by the defendant in trust for Gilson. Simeon Gilson the brother and Sarah J. Stevens the sister of Samuel Gilson, his heirs at law, were afterwards joined as plaintiffs.

The bill alleged that Samuel Gilson married the plaintiff Abigail in 1864, and died intestate December 15, 1870, leaving her his widow, and his mother (since deceased) and the brother and sister above named his only next of kin; that Abigail was appointed administratrix of his estate November 27, 1871; that at

the time of his death he owed debts but had no property excepting the estate on Northampton Street, of which he was then the equitable owner; that in 1861, being then seised in fee simple of the land on Northampton Street and of another estate upon Tremont Street, he mortgaged both estates to Seneca A. Ladd for $5000 payable in three years; that on March 14, 1866, principally to defraud the complainant Abigail of her right of dower, he caused Ladd to assign this mortgage to Danville Cole, and procured Cole on April 12, 1866, to sell both parcels under the power in the mortgage and convey them to the defendant; that on the same day Hutchinson made a new mortgage to Cole for $5000 on the Tremont Street property; that Hutchinson paid nothing for the property at any time; that on April 30, 1868, the Tremont Street property was sold to Isaac Green for $12,750; that Green gave Hutchinson a mortgage for $1750 for a part of the purchase money; that the mortgage to Cole for $5000 was paid out of the proceeds of this sale, and that the balance was used to build the houses on the Northampton Street land; that Hutchinson paid no money and was put to no expense for these houses; that he had received the rents and profits from them since Gilson's decease, and had also since Gilson's decease been paid by Green $1750 and interest for the mortgage above named; that Gilson built the houses on Northampton Street at his own expense, and during his life received the rents and profits from them, and in all respects, excepting as to the bare legal title, dealt with them as his own; that Hutchinson held the property in trust for Gilson, and still appeared of record to hold the legal title, but now claimed to be the absolute owner of it, and refused to reconvey to the plaintiffs or to account for what he had received therefrom. The prayer of the bill was for a conveyance of the property on Northampton Street and for an account of the rents and profits since Gilson's decease and of the proceeds of Green's mortgage.

The defendant, in his answer, denied the allegations of the bill, and alleged, in substance, that he purchased and paid for the estate in good faith without fraud or collusion with Gilson, and without any trust for him or any other person; that he built the houses on Northampton Street with his own money and paid for the labor and materials for them; that whatever Gilson did

in relation to them he did as the defendant's agent, and that Gilson accounted to him for the rents and profits; and denied that he held the estate in trust.

Hearing before *Devens*, J., who found the facts in the case to be as alleged in the bill, and that Gilson induced the defendant to purchase the estates at the sale to hold them in trust for him, and that the defendant did so purchase and hold them.

The judge further found that with the money received from the sale of the Tremont Street estate and with money from other sources, but not from the defendant, Gilson built the houses on the Northampton Street estate, and that Gilson received the rents and profits during his life, no claim thereto being made by the defendant until after Gilson's decease; that whatever was done in reference to the Tremont Street or Northampton Street estate by the defendant, was done at the request of Gilson and upon the understanding that the property was Gilson's, held in trust for him by the defendant and in the defendant's name; and that the purpose of keeping the title in the name of the defendant and of doing the acts done in reference to the property, was, on the part of Gilson, for the purpose of evading any liabilities which he might then or thereafter be under from his wife, from whom he had separated, and also to defraud her of her dower in his estate; and that this purpose was known to and participated in by the defendant in all that he did in relation to these estates; and that the defendant paid nothing for the purchase of the land or in the construction of the houses.

After an oral statement by the judge, of the conclusions upon the questions of fact to which he had arrived, and before any decree had been made, the defendant moved to amend his answer "to the effect that he may set forth in his amended answer all the moneys and loans (and the items thereof) advanced to the said Samuel Gilson in his lifetime, and which entered into the construction and erection of said building and improvements upon said lands set forth in said bill, and of moneys expended in and upon said buildings prior to and since the death of said Samuel Gilson therein named, and that the defendant may be allowed to prove the same; and that the same may be referred to a master to state the account between the said Gilson before his decease, and also the account of the rents and profits after his

decease, and the said Hutchinson, and report the same to this court; or that this court will hear the evidence in relation to said accounts before and after the decease of said Samuel Gilson itself, and determine the same as justice and equity shall require."

Before passing upon this motion, the judge ordered the defendant to file the account he desired as a part of the motion, stating that as he had found upon the evidence that nothing was paid by the defendant in the purchase of the property or construction of the houses, and that the same had been paid for by Gilson, that this matter could not again be brought in issue; but that if the defendant had any claims for charges or loans in matters separate and distinct from these, or which had not been necessarily passed upon in the decision of the facts already made, an account of them might be filed; and the judge further ordered the defendant to file an account of his receipts and expenditures since the death of Gilson.

The defendant, after the hearing and before the entry of a decree, asked the judge to rule as follows : " 1. That the bill in behalf of the said Abigail W. C. Gilson cannot be maintained, because the said Samuel Gilson, husband of the said Abigail, conveyed his estate fraudulently and for the purpose, as is alleged, of defrauding his then wife out of her rights in his estate as is set forth in her bill.

" 2. That upon the allegations in the plaintiffs' bill that the estate therein named was conveyed fraudulently by the deceased and to defraud them, the plaintiffs cannot maintain a bill to recover the same, the plaintiffs having no more rights in law or equity than the defendant had, and that the cause of action does not survive to the legal representatives of said Samuel Gilson, deceased." These rulings the judge declined to make.

The defendant thereafter filed his account, in three schedules. Schedule A was of " Amounts paid out by Reuben M. Hutchinson to purchase the real estate No. 749 Tremont Street and the land on Northampton Street, and the repairs, taxes, &c., thereon up to the sale by said Hutchinson of the Tremont Street estate." Schedule B was headed " The following sums paid by Reuben M. Hutchinson to sundry persons in the building and construction of the houses on Northampton Street, Boston, Nos. 172 and

174, up to the time of the death of Samuel Gilson." Schedule C was of "The amounts received by Reuben M. Hutchinson and paid out by him on the Northampton Street estate in Boston, Mass., since the death of Samuel Gilson."

The judge, upon examination thereof, decided that the matters embraced in schedules A and B of the account involved no other matters than those which had already been considered and passed upon in the hearing and the decision before made, and refused to refer the same to a master; to which refusal the defendant excepted. The account of receipts and expenditures since the death of Samuel Gilson, which is included in schedule C, was admitted to be correct by the plaintiffs.

The judge refused to allow the amendment offered, and ordered a decree to be entered for the plaintiffs, adopting as the basis thereof, so far as the rents and profits were concerned, the account of the defendant.

The decree was as follows: "It is ordered, adjudged and decreed, that the defendant holds the property and estate described in the plaintiffs' bill of complaint in trust as therein alleged, and that the defendant shall, on or before the first day of June next, execute and deliver to the said Sarah Jane Stevens and Simeon Gilson a good and sufficient deed, with the usual and proper covenants against all incumbrances made or suffered by him, conveying to them all the real estate situated on Northampton Street in said Boston and described in said bill of complaint, subject, however, to the right and interest in lieu of dower, in said estate, of the said Abigail W. C. Gilson, as the widow of Samuel Gilson, deceased, and to her rights as administratrix of his estate; and that the defendant shall, on or before the first day of August, pay to the plaintiffs the sum of $1813.34, the same appearing to be due to them on account of the receipts and disbursements of said defendant on account of said estate, one half of said sum to be paid by the defendant to said Abigail W. C. Gilson, and one half to said Simeon Gilson and Sarah Jane Stevens; and that the defendant shall pay the plaintiffs' costs." From this decree the defendant appealed.

*B. W. Potter & H. Wardwell*, for the plaintiffs.

*A. R. Brown & E. A. Alger*, for the defendant.

AMES, J. Upon the facts found at the hearing, and not con troverted at the argument before us, it appears that Hutchinson held the estate in trust for Gilson; that he paid nothing towards the purchase of the property, or for the building of the houses; that the purpose of the acts done in reference to the property was, on the part of Gilson, to evade any liabilities which he might then or thereafter be under from his wife, the original plaintiff in this action, and also to defraud her of her dower in his estate; and that Hutchinson knew and participated in the execution of this purpose. Under such circumstances there can be no doubt that the bill can be maintained. The widow of Gilson, as the administratrix of his estate and the representative of his creditors, is the proper person to bring the suit for their benefit; *Holland* v. *Cruft*, 20 Pick. 321; and, as the party against whom the fraud was particularly directed, she may well maintain the bill in her own right. The heirs at law of Gilson are properly joined as plaintiffs, on the ground that there was a resulting trust in favor of their brother from whom they inherit the equitable estate. The decree, therefore, ordering the defendant to convey the property to those heirs was open to no objection.

. The court, having found that nothing was paid by the defendant for the purchase of the property or the construction of the houses, could not have referred the account of the defendant's disbursements, &c., to a master, without reversing that finding, and trying anew and in a different mode the very question which had been finally settled. This the presiding judge was not bound to do; and his refusal to do so furnishes no ground of exception.

It appears also that Gilson died owing a debt or debts, and that the property now in controversy is all the property which he left. There is no other fund from which his debts can be paid. The defendant requested the judge to rule that Mrs. Gilson cannot maintain this bill, because her husband conveyed his estate fraudulently and for the purpose of defrauding her of her dower. We understand this request to mean that such a fraud on the part of her husband would not entitle her to maintain her bill. He also requested the judge to rule, in substance, that as the conveyance would be binding on Gilson, it must also be binding on all who claim under him. But, as we have

already seen, Mrs. Gilson, as administratrix, represents not only her husband, but also his creditors, and in that capacity may reclaim property fraudulently conveyed by her intestate. *Martin* v. *Root*, 17 Mass. 222. *Holland* v. *Cruft*, 20 Pick. 321. *Gibbens* v. *Peeler*, 8 Pick. 254. The administrator may assert claims which the intestate himself could not have asserted. Whether the reconveyance ordered by the decree would give to Mrs. Gilson a claim of dower, is a question in which this defendant is not interested. Both the rulings requested, therefore, were properly refused. *Decree affirmed.*