SARAH W. COCHRAN *vs.* SAMUEL L. THORNDIKE & others, trustees.

Suffolk. March 24. — May 15, 1882. ENDICOTT & FIELD, JJ., absent.

The St. of 1861, *c.* 164, provides that a widow may waive the provisions made for her in her husband's will, and shall in such case be entitled to such portion of his real and personal estate, (with certain limitations as to the personal estate,) as she would have been entitled to if her husband had died intestate. The St. of 1880, *c.* 211, provides that " whenever any person shall die intestate, without leaving issue living, and shall leave a husband or wife surviving, such husband or wife shall take in fee the real estate of such deceased to an amount not exceeding five thousand dollars in value." *Held*, that the widow of a man dying, after the passage of the latter statute, testate, and without leaving issue living, is entitled, on waiving the provisions of her husband's will, to the benefit conferred by this statute.

PETITION to the Probate Court by the widow of Samuel Q. Cochran, who died testate on March 21, 1881, leaving no issue living, alleging that, having waived the provisions of her husband's will, she was, under the St. of 1880, *c.* 211, entitled in fee to real estate of her husband to the amount of $5000, and praying that it might be assigned and set off to her by metes and bounds. The judge of probate appointed commissioners to set off to the petitioner real estate of her husband in accordance with the prayer of the petition; and the respondents appealed to this court.

Hearing before *Endicott*, J., who ordered a decree to be entered reversing the decree of the Probate Court. The petitioner appealed to the full court.

*H. G. Parker*, for the petitioner.

*F. Dabney*, for the respondents.

DEVENS, J. The petitioner, whose husband has died leaving no issue, has waived the provisions of the will in her favor under the St. of 1861, *c.* 164, and now claims real estate in fee to the value of $5000 by virtue of the St. of 1880, *c.* 211. The question presented is whether she is entitled to any greater portion of her husband's estate than she would be entitled to under the statutes, regulating the descent and distribution of intestate estates, which existed and were in force at the time the St. of 1861 was enacted.

Before the St. of 1861, *c.* 164, it had long been the law of this Commonwealth that a widow might waive the provisions of her husband's will in her favor, and thus entitle herself to such portion of the estate real or personal as she would have received if her husband had died intestate. Sts. 1783, *c.* 24, § 8; 1833, *c.* 40; 1854, *c.* 428. Gen. Sts. *c.* 92, § 24. At the time of its passage, the widow, there being no issue, was entitled to a life interest in one half the real estate, and one half the personal property absolutely. Gen. Sts. *c.* 90, § 15; *c.* 94, § 16.

The St. of 1861, *c.* 164, entitled the widow, on waiver of the will, to "such portion of his real and personal estate as she would have been entitled to if her husband had died intestate;" but it provided that she should only receive ten thousand dollars absolutely, with a life interest only in the excess. Its effect was, therefore, in those cases where the half of the personal

property amounted to more than ten thousand dollars, to give to the widow less where she waived the provisions of a will than she would have received had her husband actually died intestate.

It is upon this that the respondents found their argument that, inasmuch as a distinction is made in the St. of 1861 between the right of the widow in cases of actual intestacy and her rights where she has waived the will, or what they term constructive intestacy, it must be deemed, since the St. of 1880, c. 211, — which enacts that, "whenever any person shall die intestate, without leaving issue living, and shall leave a husband or wife surviving, such husband or wife shall take in fee the real estate of such deceased to an amount not exceeding five thousand dollars in value," — that it has no application except when the husband actually dies intestate; and that the widow cannot entitle herself to its benefits by the waiver of the provisions of a will made in her favor. This argument is not tenable. The St. of 1861 is a general one, and in pursuance of a policy which is found in the legislation of the Commonwealth for many years, that a widow shall receive, by waiver of the provisions of a will, substantially all that she would receive if her husband died intestate. Because there is a modification of this in that statute, so far as the personal property is concerned, we are not to infer other modifications when by legislation the share of the widow is enlarged. The fixing in the St. of 1861 of the amount to which the widow would be entitled by reference to that which she would have received " if her husband had died intestate," refers her rights to the law regulating the descent and distribution of intestate estates as such law may exist at the time of the husband's decease. *Brigham* v. *Maynard,* 9 Gray, 81. Had the St. of 1880 operated to reduce the share which a widow would be entitled to receive where her husband died intestate, it certainly would not be contended that her rights upon her waiver of the will were to be determined by reference to the law as it existed when the St. of 1861 was passed. In fact, the St. of 1880 gives to the widow of one dying childless and intestate an estate which she would not have taken before its passage, and thus increases her share; but, there being no inconsistency between it and the St. of 1861, these

statutes are to be construed each in the light of the other, as coëxistent laws. Thus construed, the rights of the widow by virtue of the effect given to her waiver by the St. of 1861 are determined by the law as it has existed since the passage of the St. of 1880. *Decree of Probate Court affirmed.*