MEHITABLE ELLIOT *vs.* ELIZA A. ELLIOT & others.
SAME *vs.* SAME.

Essex. Nov. 10. — 25, 1882. LORD, C. ALLEN & COLBURN, JJ., absent.

No appeal lies from a judgment of the Superior Court in favor of the petitioner, on a petition by a widow to have land of her late husband set off to her under the Gen. Sts. *c.* 90, § 15, and the St. of 1861, *c.* 164, § 1, or under the St. of 1880, *c.* 211, there being no final judgment in the case.

THE FIRST CASE was a petition to the Probate Court by the widow of Isaac B. Elliott, who died testate on January 17, 1881, leaving no issue living, alleging that, having waived the provisions of her husband's will, she was, under the St. of 1880, *c.* 211, entitled in fee to real estate of her husband to the amount of $5000, and praying that it might be assigned to her according to law.

THE SECOND CASE was a petition to the same court by the same person, alleging that under the Gen. Sts. *c.* 90, § 15, and

the St. of 1861, *c.* 164, § 1, she was entitled, in lieu of dower, to a life estate in one half of the real estate of her husband not assigned to her under the first petition in fee, and praying that such an estate might be assigned to her as provided by law.

The judge of probate in each case entered a decree reciting that the share of the petitioner was in dispute, and ordering the petition to be removed to the Superior Court.

The cases were submitted to the Superior Court, on agreed facts, which it is unnecessary now to state. The court ordered judgment to be entered for the petitioner in each case; and the respondents appealed to this court.

*H. Wardwell*, for the petitioner.

*S. B. Ives, Jr.*, for the respondents.

MORTON, C. J. We are of opinion that the court has no jurisdiction of these cases. There has been no final judgment in the Superior Court in either case. *Boyce* v. *Wheeler, ante*, 554, and cases cited.

The judgment of the Superior Court in each case is that the petitioner is entitled to have assigned to her the real estate, or her interest therein, according to her petition. It is in its nature like the interlocutory judgment for partition, and must be followed by other proceedings before the case is ready for final judgment. Gen. Sts. *c.* 90, §§ 3, 5, 15, 17. Pub. Sts. *c.* 124, §§ 10, 11, 17. St. 1880, *c.* 211, § 2.

Commissioners to assign to her the land, or her interest therein, must be appointed, and, until their report and its acceptance by the court, there can be no final disposition of the case.

*Appeals dismissed.*