MEHITABLE ELLIOT *vs.* ELIZA A. ELLIOT & others.

SAME *vs.* SAME.

Essex.    Jan. 28. — April 8, 1884.    W. ALLEN & HOLMES, JJ., absent.

The St. of 1880, *c.* 211, § 1, providing that the widow of a person dying intestate shall take real estate of the deceased to the value of $5000 in fee, confers upon such widow an estate in addition to that given to her by the Gen. Sts. *c.* 90, § 15, in lieu of dower, and she is not required to elect between the two.

The St. of 1880, *c.* 211, § 2, providing that, when the assignment of the estate given by § 1 to the husband or wife of a person dying intestate cannot be made without injuring the residue of the estate, an undivided portion of such estate may be set off, does not supersede the provisions of the Gen. Sts. *c.* 136, § 58, but furnishes an additional method of setting off the estate.

COLBURN, J.    The husband of the petitioner died on January 17, 1881, testate, but leaving no issue living; and she duly waived the provisions made for her in the will, and claimed such portion of the estate as she would have been entitled to if her husband had died intestate.    The respondents are the heirs at law of the testator.    The testator left unincumbered real estate, appraised in the inventory at $20,550, and personal estate exceeding by more than $10,000 all his indebtedness.

The petitioner brought her first petition in the Probate Court, asking that real estate of the deceased, to the amount of $5000, might be assigned to her in fee; and her second petition, praying that an estate in lieu of dower, namely, one half for life of such lands as are not assigned to her in fee, might be assigned to her.

It appeared to the Probate Court that, by adverse claims on the part of the heirs, the shares of the petitioner were in dispute, and he thereupon ordered both petitions to be removed to the Superior Court; and they were removed accordingly.    Pub. Sts. *c.* 178, § 46.

The Superior Court granted the prayers of both petitions, and appointed commissioners, who set off and assigned to the petitioner the lands as prayed for, and their reports to that court were accepted, and judgments ordered thereon; and in both cases the respondents appealed to this court.

The St. of 1861, *c.* 164, provides that a widow may waive the provisions made for her in her husband's will, and that she

shall, in such case, be entitled to such portion of his real and personal estate (with certain limitations as to personal estate) as she would have been entitled to if he had died intestate.

The petitioner's rights under this statute are to be determined by the law regulating the descent and distribution of intestate estates, as they existed at the time of her husband's decease ; and she is entitled to the benefit of the provision of the St. of 1880, *c.* 211. *Cochran* v. *Thorndike*, 133 Mass. 46.

The Gen. Sts. *c.* 90, § 15, provide that, "when a man dies seised of lands, tenements, or hereditaments, or of any right or interest therein in fee simple, not having lawfully devised the same, and leaving a widow, but no issue, the widow in lieu of dower shall be entitled to one half of said estate during her natural life."

The St. of 1880, *c.* 211, § 1, provides that, "whenever any person shall die intestate, without leaving issue living, and shall leave a husband or wife surviving, such husband or wife shall take in fee the real estate of such deceased to an amount not exceeding five thousand dollars in value."

The respondents contend that these two provisions for a widow are not cumulative ; that she cannot take advantage of the St. of 1880 without waiving the benefit of the provision of the General Statutes, or take her estate in lieu of dower without waiving the provisions of the St. of 1880. We see no ground for this contention. No right of election is given in the statute, in terms or by implication. The St. of 1880 must be regarded as conferring an estate in addition to the estate in lieu of dower, or as a substitute for that estate.

There is no inconsistency in the two provisions ; and we are of opinion that it was the intention of the St. of 1880 to confer upon a widow a right in addition to that she had before. This, we think, is the natural construction of that act. Section 3 of the act is as follows : "Nothing herein contained shall affect the estate of curtesy, dower or homestead in any remaining real estate of such deceased." The argument of the respondents is, that, by omitting to name the estate in lieu of dower in that section, the Legislature intended to except it, and to leave that estate affected by the provisions of the act.

If that section had been omitted, we do not think it could reasonably have been held that the provisions of the first section did affect the estates of curtesy, dower, or homestead in the remaining real estate; and we cannot think the Legislature intended, by omitting to name the estate in lieu of dower in the third section, to except that estate. We see no reason for making the exception, and are of opinion that, if the Legislature had so intended, it would have expressed its intention in some more clear and unambiguous manner. It is more reasonable to conclude that it was the intention, by the provisions of the first section, not to deprive a husband or wife of any rights they already had; that the third section was inserted for greater caution, and to prevent any possible misconstruction of this intention; and that the omission to name the estate in lieu of dower was an inadvertence. In *Staniels* v. *Raymond*, 4 Cush. 314, Mr. Justice Wilde says: "Statutes are to be construed according to the intention of the makers, if this can be ascertained with reasonable certainty; although such construction may seem contrary to the ordinary meaning of the letter of the statute." *Somerset* v. *Dighton*, 12 Mass. 383.

It appears by the report of the commissioners in the first case, that they were unable to set off to the petitioner land of just the value of $5000, without injury to the rest of the estate; and they set off to her land of more than that value, she paying the difference to the heirs under the provisions of the Gen. Sts. c. 136, § 58. The respondents contend that the commissioners had no right to do this. Their contention is, that the provision of the St. of 1880, c. 211, § 2, which authorizes the Probate Court to assign and set out by metes and bounds the estate taken under the first section, "in the same manner as partitions of land may be made by probate courts," did not authorize the course pursued, for the reason that the provision in that section, "that when such assignment cannot be made without greatly injuring the residue of the estate or of some specific part thereof, an undivided portion of such real estate or of some part thereof may be set off instead of a specific part," controls the other provisions of that section, and supersedes the provision of the General Statutes and Public Statutes under which the commissioners proceeded.

We are of opinion that it was not the intention of this provision to supersede the provisions of the Gen. Sts. *c.* 136, § 58, but to furnish an additional method of setting off the estate, which in some cases may be desirable.

*Judgment in each case affirmed.*

*S. B. Ives & G. B. Ives,* for the respondents.

*H. Wardwell,* for the petitioner.