WILLIAM W. EASTHAM & others vs. HENRY BARRETT
& others.

Middlesex. March 19, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Estate of Deceased Person — Husband and Wife — Real Estate in Fee.*

Under the St. of 1880, c. 211, (Pub. Sts. c. 124,) providing that the surviving hus-
band or wife of an intestate leaving no issue living "shall take in fee the real
estate of such deceased to an amount not exceeding five thousand dollars in
value," to be "assigned and set out" by the Probate Court, the survivor takes
a vested inheritable estate in fee defined by its value until duly set out or as-
signed, which descends like other real estate.

FIELD, J. This is a petition for the assignment of real estate
out of the lands of a deceased intestate, and the case comes be-
fore us upon exceptions to the ruling of the Superior Court,
"that the petitioners were entitled to have said lands to an
amount not exceeding five thousand dollars in value assigned
and set out to them"; and upon an appeal from the judgment
of that court, that partition be made by setting off to the pe-
titioners real estate to that amount, in accordance with the
report of the commissioners appointed to make partition of
said lands, and that the partition made "be firm and effectual
forever." The petitioners are the heirs at law of Charles East-
ham. The respondents are the heirs at law of Elizabeth
Eastham. Elizabeth Eastham died at Malden in this Common-
wealth, where she was domiciled, on May 17, 1883, intestate,
leaving no issue living, but leaving her husband, the said
Charles Eastham, surviving her. She died seised of an estate
of inheritance in lands in Malden, exceeding five thousand dol-
lars in value, and her estate was settled in the Probate Court
for the county of Middlesex, within which Malden is situated.
Charles Eastham died in Malden on July 20, 1887, intestate,
and his estate is in process of settlement in the Probate Court.
Charles, after the death of his wife, occupied and used all her
real estate until his death, but he made no application during
his life to have a portion of the land to the value of five thou-

sand dollars set out to him, either by metes and bounds, or as an undivided portion. This petition by his heirs was made to the Probate Court, but, it appearing that the shares of the petitioners were in dispute, it was removed to the Superior Court. See Pub. Sts. c. 124, §§ 1, 3, 17 ; c. 178, §§ 1, 45, 46, 48. The St. of 1889, c. 234, was passed after the petition was removed.

The only question which has been argued is whether the estate in fee, to an amount not exceeding five thousand dollars in value, given to the husband by the St. of 1880, c. 211, now the Pub. Sts, c. 124, § 1, descended to his heirs on his death, it not having been set out or assigned to him during his life. The contention is, that an estate in the land did not vest in him on the death of his wife, but that he had only a personal right to have an estate set out to him, either by metes and bounds, or as an undivided portion, and that this right expired when he died. There is nothing in the statutes indicating any such intention on the part of the Legislature. The St. of 1880, c. 211, provided, in § 1, that " whenever any person shall die intestate, without leaving issue living, and shall leave a husband or wife surviving, such husband or wife shall take in fee the real estate of such deceased, to an amount not exceeding five thousand dollars in value"; and in § 2, that "the Probate Court having jurisdiction of the estate of said deceased, on petition of any person in interest, shall cause the real estate which the husband or wife takes under the preceding section to be assigned and set out," &c. The plain meaning is, that the husband or wife takes, on the death of the wife or husband, an estate in fee by virtue of the first section, and that under the second section the estate so taken may be set out either by metes and bounds, or as an undivided portion, on the petition of any person in interest. In incorporating this statute with others in the Public Statutes, there has been no substantial change. Pub. Sts. c. 124, §§ 1, 3, 17.* The estate thus given in fee is in addition to an estate of dower, homestead, or curtesy in the remaining land, and there is nothing showing any intention that any of the peculiar characteristics of a right of dower should attach to this estate in fee. Before it is set out by metes and bounds, or is assigned as an undivided part,

---

* See St. 1887, c. 290, § 1.

it is a vested estate in fee, but, like an estate of homestead, it is defined by its value until some person in interest proceeds to have it defined by metes and bounds, or as a fractional part of the whole real estate, or of some part of it.    Being an inheritable estate in land it descends like other real property.   *Cochran* v. *Thorndike*, 133 Mass. 46.   *Elliot* v. *Elliot*, 137 Mass. 116. *Lavery* v. *Egan*, 143 Mass. 389.   *Lincoln* v. *Perry*, 149 Mass. 368.   *McMahon* v. *Gray*, 150 Mass. 289.   See *Parks* v. *Reilly*, 5 Allen, 77 ; *Silloway* v. *Brown*, 12 Allen, 30; *Swan* v. *Stevens*, 99 Mass. 7.

The exceptions must be overruled and the judgment of the Superior Court affirmed.                              *So ordered.*

*E. C. Bumpus*, for the petitioners.

*W. S. Stearns & J. H. Butler*, (*W. H. Stearns* with them,) for the respondents.