CLARA M. PLACE *vs.* NATHAN WASHBURN, assignee.

Suffolk.　March 19, 1895. — May 24, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Wife living Apart from her Husband — Attachment on Mesne Process — Insolvency.*

An attachment by a wife who is living apart from her husband of his property, under the Pub. Sts. c. 147, § 35, is subject to the Pub. Sts. c. 157, § 46, which provides that an assignment made under § 44 of the latter statute dissolves "any attachment on mesne process made not more than four months prior to the time of the first publication" of notice of the filing of the petition, in cases of involuntary proceedings in insolvency.

LATHROP, J. The plaintiff in this bill in equity, on October 3, 1894, brought a petition, under the Pub. Sts. c. 147, § 33, in the Probate Court for the county of Plymouth, against her husband, Darius H. Place, praying for her separate maintenance, and that the real and personal estate of the respondent be attached to the amount of one thousand dollars. On October 8, 1894, in pursuance of an order of the court, an attachment was made of the real and personal estate. Such an attachment is authorized by the Pub. Sts. c. 147, § 35. On December 7, 1894, a petition in insolvency was filed by one Rider against Darius H. Place in the court of insolvency for the county of Suffolk, and that court issued an injunction against the present plain-

tiff and the officer making the attachment, commanding them to refrain from making any transfer or disposition of any part of the debtor's property not by law exempt from attachment, and from any interference therewith until the further order of said court. On December 24, 1894, the Probate Court for the county of Plymouth made a decree on the petition filed October 3, 1894, in favor of the petitioner, ordering the respondent to pay to the petitioner the sum of three hundred dollars forthwith, and that execution issue therefor, and the further sum of twenty dollars on each month thereafter until the final order of the court. The plaintiff thereupon applied, by petition to the judge of the court of insolvency for the county of Suffolk, asking that the injunction be modified so that the same should not be taken to apply to the property attached, in order that she might levy execution upon the same. This petition was dismissed.

The prayers of this bill in equity are, that the court decree that the attachment is a valid attachment; that the attachment is not dissolved by the proceedings in insolvency or by the assignment to the defendant as assignee in insolvency of Darius H. Place; and that the defendant be restrained from interfering with the property attached, or be required from the proceeds of the property to pay the plaintiff the sums awarded her by the decree of the Probate Court for the county of Plymouth as the same are now due or may hereafter become due.

By the Pub. Sts. c. 157, § 46, the assignment made under § 44 dissolves "any attachment on mesne process made not more than four months prior to the time of the first publication" of notice of the filing of the petition, in cases of involuntary proceedings. It is admitted that, if the attachment in this case is "an attachment on mesne process," the attachment was dissolved by the assignment to the assignee.

The term "mesne process" formerly meant any intermediate process which issued, pending the suit, upon some collateral interlocutory matter; afterwards, it was used in contradistinction to final process, and this is the sense in which it is generally used in our statutes. See 3 Bl. Com. 279; *Arnold* v. *Chapman*, 13 R. I. 586; *Ferguson* v. *State*, 2 Vroom, 289, 291.

The defendant contends, however, that, as the Pub. Sts. c. 157, § 46, had its origin in the St. of 1838, c. 163, § 5, and as at the

time that act was passed attachments could only be made by a writ, the words " attachment on mesne process " in our present law apply only to an attachment upon a writ. But this contention does not appear to us to have any weight. When the Legislature saw fit subsequently to allow attachments to be made otherwise than on a writ, it must have intended that the general provision of the insolvent law should apply to them.

Section 99 of the Pub. Sts. c. 157, allows the debtor one dollar a day for his attendance on the judge or assignee when required under § 70. It also provides that the debtor shall " be allowed out of his estate, for the necessary support of himself and his family, such sum not exceeding the rate of three dollars per week for each member of his family, and for such time not exceeding two months, as the judge may order." There is also a further provision for an allowance of five per cent on the net produce of all the estate received by the assignee, if such net produce after such allowance is sufficient to pay the creditors entitled to a dividend the amount of fifty per cent on their debts. And by the St. of 1888, c. 67, it is further provided: " In case of the absence of the debtor, or his failure for any cause to apply for the above allowances or either of them, the judge may, in his discretion, in place thereof, make allowances of the same amounts to the wife, or any minor child or children of the debtor." With these exceptions no provision is made for the debtor and his family.

It is not the policy of our law that an insolvent debtor, or his wife, or his family, shall be supported indefinitely at the expense of his creditors.

An examination of the law under which the attachment was made in this case shows also that there was no intent to give to a wife living apart from her husband any preference over his creditors. Section 35 of the Pub. Sts. c. 147, provides : " Upon such a petition, an attachment of the husband's property may be made, as in the case of a libel for divorce." Section 11 of the Pub. Sts. c. 146, provides: " Upon a libel by a wife for a divorce for a cause accruing after marriage, an attachment to secure a suitable support and maintenance to her, and to such children as may be committed to her care and custody, may be made upon the husband's real and personal estate by the officer

serving the libel." Section 12 directs how the attachment shall be made. Section 13 is as follows : " All laws relating to attachments of real or personal estate shall apply to attachments herein provided for, so far as such laws are not inconsistent with the two preceding sections."

In actions at law or in equity an attachment is good only for thirty days after final judgment, (Pub. Sts. c. 161, § 52,) while in the case of a libel for divorce or for separate maintenance there is no final judgment which closes the proceeding as ordinary actions are ended. *Downs* v. *Flanders*, 150 Mass. 92. Hence the necessity of the use of the words last above quoted. But we are of opinion that it would be going too far to say that the wife is entitled to a suitable support and maintenance in preference to the claims of the creditors of an insolvent husband, where her attachment has not existed four months.

*Bill dismissed.*

*W. H. H. Emmons & H. B. Emmons*, for the plaintiff.
*N. Washburn, pro se.*