### BRICE W. McDOWELL *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

Franklin.   September 17, 1895. — October 17, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Offer of Proof.*

At the trial of an action on a policy of insurance against loss by fire which occurred in 1893, the defendant has no ground of exception to the exclusion of an offer to show that two fires had before occurred, neither being connected with the fire in question, one in 1888 and the other in 1891, in which the plaintiff and his brother, who the jury might have found had some interest in the loss for which the suit was brought, had met with losses for which they had received insurance, and that nine other fires had also previously occurred, in each of which some relative or relatives of the plaintiff had met with losses covered by insurance, and for which they had received payment of insurance, there being no offer to show that any of these fires were set by the plaintiff or by his procurement.

CONTRACT, upon a policy of insurance, to recover for loss of the plaintiff's barn and shed and personal property, destroyed by fire at Conway, Massachusetts, on October 29, 1893. The answer alleged that the fire which caused the loss was set by the plaintiff, and by his procurement and with his consent.

Trial in the Superior Court, before *Maynard*, J., who allowed a bill of exceptions, in substance as follows.

It appeared in evidence that in April, 1893, the plaintiff's brother, George R. McDowell, bargained for a farm in Conway, on which was a dwelling-house, the barn which was destroyed by fire, and a mill, and that he also bargained for the personal property. All of the negotiations with the seller were carried on by George R. McDowell, and the consideration therefor was delivered to the seller by said George. The conveyances were made out in the name of the plaintiff, who, it was claimed, furnished the consideration. After the purchase of the property, in April, 1893, the plaintiff and George lived together upon the farm. George R. McDowell testified that he and his brother, the plaintiff, were not partners, but that he helped his brother carry on the farm, helped in the harvesting of the hay which was destroyed by the fire, and helped in repairing the house and mill, and that no compensation had been paid him therefor, and none had been agreed upon, and he did not know as he should recover any, as it was a family matter and he wished to help his brother.

The defendant offered to show that on August 2, 1888, at Moores in New York, George and the plaintiff, while in business together, met with a loss by fire, against which they were insured, and that they were paid insurance money thereon; that on September 11, 1891, while associated in business together at the same place, they again met with a loss by fire, against which they were insured, and that they were paid insurance money on that loss. The judge excluded the evidence, and the defendant excepted.

The defendant further offered to prove other losses by fire by relatives of the plaintiff, in each of which losses there was insurance and a payment of insurance, namely : April 15, 1886, a loss at said Moores by George R. McDowell; January 27, 1888, a loss at the same place by David Bradford, father in law of George, a loss by the same fire by Anna L. McDowell, wife of

George; August 2, 1888, another loss by George at said Moores; May 5, 1891, a loss at the same place by R. J. McDowell, a brother of George; September 11, 1891, at the same place, another loss by George; March 21, 1893, at Boston, losses by a fire in which said George, Carrie L. McDowell, a sister of the plaintiff, Margaret L. McDowell, another sister, Sarah J. Taylor, another sister, and Hiram G. McDowell, a brother, were each insured and recovered insurance money; and September 1, 1893, at Conway, losses by fire in which Hiram D. Griggs, a brother in law of the plaintiff, and George W. Griggs, a nephew of the plaintiff, were each insured, and recovered insurance money.

The judge excluded the evidence; and the defendant alleged exceptions.

*J. A. Aiken*, for the defendant.

*S. D. Conant*, (*C. C. Conant* with him,) for the plaintiff.

BARKER, J.  The issue upon which the excluded evidence was offered was raised by the defendant's allegation that the fire was set by the plaintiff, and by his procurement and with his consent.  The offer was to show that two fires had before occurred in which the plaintiff and his brother, who the jury might have found had some interest in the loss for which this suit was brought, had met with losses for which they had received insurance, and that nine other fires had also previously occurred, in each of which some relative or relatives of the plaintiff had met with losses covered by insurance, and for which they had received payment of insurance.  There was no offer to show that any of these fires were set by the plaintiff, or by his procurement.

All of these fires except the first two were occurrences in which the plaintiff had no interest, and all of them were plainly *res inter alios*.  The first two fires were independent of each other, one occurring in the year 1888 and the other in the year 1891; and neither of them was connected with the fire now in question, which occurred in the year 1893.  If all the fires were parts of attempted frauds, they were clearly independent frauds, and not parts of a system of fraud of which the fire in question was an essential step.  None of the evidence excluded was admissible, upon the ground stated in *Fowle* v. *Child, ante*, 210, and the cases there cited.

*Exceptions overruled.*