LYMAN HOWE & others *vs.* JOHN K. BERRY, trustee.

Norfolk.   March 15, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Interest of Husband in Wife's Lands when they have had no Children.*

The Pub. Sts. c. 124, § 1, give a fee to an amount not exceeding five thousand dollars in value to a husband in his wife's lands, when they have had no children.

PETITION to the Probate Court, by the heirs of William J. Howe, to have set off to them real estate in Randolph to the value of five thousand dollars, formerly belonging to Abigail T. Howe, his wife.   The judge of probate entered a decree that " William J. Howe died seised of an estate in fee not exceeding five thousand dollars in value in the real estate of said Abigail T. Howe, deceased, and that these petitioners, as heirs at law of said William J. Howe, are entitled to such estate in fee in said real estate "; and the respondent appealed to this court.

Hearing, before *Allen*, J., who ordered a decree to be entered affirming the decree of the Probate Court.   The respondent appealed to the full court.   The facts appear in the opinion.

*J. K. Berry, pro se.*

*A. P. French*, for the petitioners.

HOLMES, J.   The respondent is trustee under the will of Abigail T. Howe.   She died before her husband, and he, never having consented to the will, waived its provisions.   They had

no children. The respondent contends that, as they had had no issue born alive, William J. Howe was cut off by the will from everything but a life estate in one half of his wife's lands. By Pub. Sts. c. 147, § 6, as amended by St. 1885, c. 255, § 1, a married woman may make a will as if sole, except that without her husband's written consent the will is not to deprive him of his curtesy or his statutory life estate, or by the further amendment of St. 1887, c. 290, § 2, "of her real estate not exceeding five thousand dollars in value, when no issue survives her." The argument is that the word "survives" imports that issue must have been born, although it does not live beyond its parent, and then this interpretation of the act of 1887 is applied to Pub. Sts. c. 124, § 1, by which the right to the five thousand dollars' worth of land is created, in order to determine in what cases that right is given.

The trouble with the argument is that it begins at the wrong end. The saving clause of the later act of 1887 must be construed by the earlier act creating the right which is saved, not the earlier by the later. By Pub. Sts. c. 124, § 1, as amended by St. 1887, c. 290, § 1, " If she dies and leaves no issue living, he shall take her real estate in fee to an amount not exceeding five thousand dollars in value, and shall also have an estate by the curtesy or other life interest, as before provided, in her other real estate." It will be observed that here the word is " living " not " surviving." Furthermore, the words " or other life interest" refer to an immediately preceding provision made for the husband if they have had no issue born alive, so that it is plain on the face of the section that it is not necessary to have had children in order to get the five thousand dollars' worth in fee, since one who takes this "other life interest " may have it. Our construction is confirmed, if confirmation is needed, by the original statute, St. 1880, c. 211, § 1, where the provision in question is enacted independently of the matters with which it has been connected in the compilation, and by *Cochran* v. *Thorndike*, 133 Mass. 46, 48. In *Eastham* v. *Barrett*, 152 Mass. 56, it appears from the exceptions that the husband and wife had had no children. So in *Lincoln* v. *Perry*, 149 Mass. 368, 370, 374.

An objection taken to the form of the decree is not much pressed. It is agreed that the adjudication that " William J.

Howe died seised of an estate in fee not exceeding five thousand dollars in value," etc., means an estate of that value, where, as here, the land of the wife was worth more than that amount. In substance it is right.             *Decree affirmed.*