## MARY J. BROWNELL *vs.* ANNIE E. BRIGGS.

Bristol.     October 25, 1898. — June 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Husband and Wife — Validity of Deed — Evidence.*

At the trial of a writ of entry by a wife, who was living apart from her husband, who died intestate and without issue, to recover land of the value of less than five thousand dollars and his only real estate, conveyed by him to his niece for no pecuniary consideration, evidence that he placed all his known personal estate in trust for and in the names of relatives and friends is admissible to prove that the purpose of the deed was to prevent his wife from taking his land upon his death.

A deed, made by a husband who died intestate and without issue while living apart from his wife, of his only real estate of the value of less than five thousand dollars to his niece for no pecuniary consideration, which is not recorded until after his death, and which purports to reserve to him the use of the land for his life, with power to sell or mortgage and to dispose of the proceeds as he shall see fit, is void as against the wife. ,

WRIT OF ENTRY, dated February 12, 1897, to recover a parcel of land in Swansea. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the demandant; and the tenant alleged exceptions, which, *Hammond,* J., having become a justice of this court, were allowed by *Dewey,* J. The facts appear in the opinion.

The case was argued at the bar in October, 1898, and afterwards was submitted on briefs to all the justices except *Field,* C. J.

*M. Reed,* for the tenant.

*W. E. Fuller, Jr.,* (*A. S. Phillips* with him,) for the demandant.

BARKER, J. The demandant and her late husband were married in 1869, and separated in 1883, the separation continu-

ing until his death in 1896. They had no children, and he died intestate and without issue. In 1893, for no pecuniary consideration, he conveyed the demanded premises, his only real estate, and of the value of less than five thousand dollars, to the tenant, his grand-niece.' The deed was not recorded until after his death, and it purported to reserve to the grantor the use of the land for his life, with power to sell or mortgage, and to dispose of the proceeds as he should see fit. It was also in evidence that from 1887 to 1895 he placed all his known and appreciable personal estate in trust for and in the names of relatives and friends.

The demandant contends that the deed of 1893 is void as against her, because made with the intent to deprive her of her rights in the grantor's property at his decease, and the court below has so found and ruled.

It is not contended that the deed was void as attempting to create a freehold *in futuro*. See *Wallis* v. *Wallis*, 4 Mass. 135; *Parker* v. *Nichols*, 7 Pick. 111; *Gale* v. *Coburn*, 18 Pick. 397; *Brewer* v. *Hardy*, 22 Pick. 376; *Trafton* v. *Hawes*, 102 Mass. 533.

1. Evidence was properly admitted that the grantor placed all his known personal estate in trust for and in the names of relatives and friends. The demandant would take by law, if she survived him, an interest in the personal estate of which he might die possessed. The acts which put it all out of his ownership and control indicated a plan comprehending in one purpose the disposition of his whole property in order to defeat the interest therein of his wife upon his decease, and so were admissible to prove that the purpose of the deed was to prevent his wife from taking his land upon his death. *Williams* v. *Robbins*, 15 Gray, 590. *Jordan* v. *Osgood*, 109 Mass. 457. *Stockwell* v. *Silloway*, 113 Mass. 384. *Horton* v. *Weiner*, 124 Mass. 92. *Fowle* v. *Child*, 164 Mass. 210, 213, and cases cited. *McDowell* v. *Connecticut Ins. Co.* 164 Mass. 394.

2. The remaining question is whether the deed was void as against the demandant.

· Under our statutes, if an intestate husband leaves no kindred, his whole estate descends to the widow. St. 1849, c. 87. Gen. Sts. c. 91, § 1, cl. 8. St. 1876, c. 220, § 1, cl. 7. Pub. Sts. c. 124, § 3. If he leaves no issue, the widow may elect to take an estate

for her life in one half of the lands of which her husband dies seised, in lieu of dower in the lands of which he was seised during coverture. St. 1854, c. 406. Gen. Sts. c. 90, §§ 15, 16. Pub. Sts. c. 124, § 3. These estates, coming under the statutes regulating descents, are unlike dower, in that they are subject to the debts of the decedent, and that they give seisin upon the husband's death. *Sears* v. *Sears,* 121 Mass. 267.

Still another right of the widow of an intestate who leaves no issue living, is that of taking his real estate in fee to an amount not exceeding five thousand dollars in value. St. 1880, c. 211. Pub. Sts. c. 124, § 3. This right is the one under which the demandant asserts that she has title. It has been frequently considered by the court. See *Cochran* v. *Thorndike,* 133 Mass. 46 ; *Elliot* v. *Elliot,* 133 Mass. 555, and 137 Mass. 116 ; *Whitney* v. *Closson,* 138 Mass. 49 ; *Lavery* v. *Egan,* 143 Mass. 389 ; *Burke* v. *Colbert,* 144 Mass. 160, 162 ; *Watson* v. *Watson,* 150 Mass. 84 ; *Eastham* v. *Barrett,* 152 Mass. 56 ; *Buckley* v. *Frasier,* 153 Mass. 525 ; *Proctor* v. *Clark,* 154 Mass. 45, 49 ; *Butrick* v. *Tilton,* 155 Mass. 461, 463 ; *Olney* v. *Lovering,* 167 Mass. 446, 448; *Baker* v. *Baker,* 167 Mass. 575 ; *Rotch* v. *Loring,* 169 Mass. 190, 199.

Although such estates in fee may be assigned and set out to the widow by the Probate Court, upon petition of any person in interest, such assignment is not necessary. As a statute heir she takes, upon the death of the husband, a vested inheritable estate in fee defined by its value until duly set out or assigned. *Eastham* v. *Barrett, ubi supra.* It is in addition to her statute estate in lieu of dower; *Elliot* v. *Elliot,* 137 Mass. 116 ; and it is subject to the payment of her husband's debts. But the husband cannot defeat her right to such an estate by testamentary disposition of his property, since if he dies testate she may waive the provisions of the will, and have an estate in fee in his lands to the value of five thousand dollars. *Cochran* v. *Thorndike, ubi supra.*

There are numerous decisions in other States upon the question of the effect of the transfer of personal or real property by a husband in order to defeat the rights which otherwise his wife or widow would have in his estate. See *Stewart* v. *Stewart,* 5 Conn. 317 ; *Holmes* v. *Holmes,* 3 Paige, 363 ; *Petty* v. *Petty,* 4 B. Mon. (Ky.) 215 ; *Thayer* v. *Thayer,* 14 Vt. 107 ; *Green* v. *Adams,*

59 Vt. 602; *Ellmaker* v. *Ellmaker*, 4 Watts, 89, 91; *Pringle* v. *Pringle*, 59 Penn. St. 281; *Lines* v. *Lines*, 142 Penn. St. 149; *Hays* v. *Henry*, 1 Md. Ch. 337; *Dunnock* v. *Dunnock*, 3 Md. Ch. 140; *Draper* v. *Draper*, 68 Ill. 17; *Padfield* v. *Padfield*, 78 Ill. 16; *Tyler* v. *Tyler*, 126 Ill. 525; *Small* v. *Small*, 56 Kans. 1; *Hatcher* v. *Buford*, 60 Ark. 169; *Walker* v. *Walker*, 66 N. H. 390, 396. Such decisions must be read in connection with the statutes which bear upon them, but it fairly may be said that there is much authority in favor of the proposition that a voluntary transfer or conveyance by which the husband, reserving to himself a benefit from or power of disposal over the property, parts with its ownership for the purpose of defeating his wife's interest in his estate may be declared void as against her.

This court has held void the deed of a husband made to prevent his wife from recovering alimony; *Livermore* v. *Boutelle*, 11 Gray, 217; *Chase* v. *Chase*, 105 Mass. 385; and has allowed a wife to recover lands which her husband had procured to be sold upon mortgage in order to evade his liabilities to his wife and to deprive her of her dower. *Gilson* v. *Hutchinson*, 120 Mass. 27. It has also held that when a husband's land has been attached upon the wife's petition for separate maintenance, the court may issue successive executions until the property attached is thereby exhausted, and that the levy of such an execution, issued after a former one has been satisfied out of the land, will confer a title good against a grantee of the husband made after the attachment. *Downs* v. *Flanders*, 150 Mass. 92. But a wife who has filed such a petition, upon which no order for separate maintenance has been granted, cannot maintain a bill in equity to reach property alleged to belong to the husband and to hold it until such an order shall be entered. *Willard* v. *Briggs*, 161 Mass. 58. And an attachment made upon such a petition is dissolved by an assignment in insolvency made within four months. *Place* v. *Washburn*, 163 Mass. 530. We have also held that the wife's inchoate right of dower at common law does not entitle her, where the land is taken by right of eminent domain, to compel any part of the proceeds to be set aside for her benefit. *Flynn* v. *Flynn*, 171 Mass. 312. Compare *Phelps* v. *Phelps*, 143 N. Y. 197.

It is not now necessary to decide what might have been the

effect upon the demandant's right of an absolute sale and conveyance of the demanded premises by her husband to a *bona fide* purchaser for value. We have here a wholly voluntary conveyance, without pecuniary consideration, in which the husband reserves to himself for his life the use and income of the land, with power to sell or mortgage and to dispose of the proceeds as he may choose, and made for the purpose of depriving the wife of her rights in the husband's property at his decease, which rights he could not defeat by making a testamentary disposition of his estate. A majority of the court sees no just or logical distinction between such an attempt and an attempt by the husband to deprive his wife of her dower by procuring the foreclosure of a mortgage in the execution of which the wife had joined, and which was held in *Gilson* v. *Hutchinson, ubi supra,* to be a fraud upon the wife.

We do not consider the effect of the proceedings by which it is said the demanded premises have been set out to the demandant by the Probate Court. See St. 1891, c. 415, § 4.

*Exceptions overruled.*