· JOSEPHINE L. SEAMAN *vs.* MARY E. HARMON & others.

Suffolk.    January 26, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Dower. Husband and Wife. Marriage and Divorce. Equity Jurisdiction. Trust.*

In this Commonwealth a wife has no dower in real estate in which her husband's title was merely equitable and of which he never had the legal seisin at any time during the coverture.

A wife had obtained a divorce against her husband for the cause of adultery, and thereby under R. L. c. 152, § 24, was "entitled to her dower in the same manner as if he were dead." Her husband, before the divorce and while he was living apart from her, had procured the conveyance of certain real estate by its former owner to the husband's sister, in trust to pay him the rents and profits during his life and to allow him to use and enjoy it during that time, also, at his request, to sell and convey it or any part of it free from the trust and to pay the proceeds to him, to mortgage it at his request, and to convey it to such person as he might direct by his last will, and in default of such direction to convey it to his heirs at law. At the request of the husband his sister as trustee conveyed the real estate by a mortgage deed to a mortgagee who was a purchaser for value in good faith and who recorded the mortgage. Later the mortgagee advertised the land for sale for a breach of a condition in the mortgage, and the wife brought a suit in equity against the mortgagee to restrain the foreclosure. The plaintiff's divorced husband had died intestate. *Held*, that the defendant's title was complete against the plaintiff's claim of dower, and that the bill must be dismissed.

A remark in *Leonard* v. *Leonard*, 181 Mass. 458, 461, in regard to the deed of convey-
ance in the case of *Brownell* v. *Briggs*, 173 Mass. 529, being " left in the grantor's
possession " explained after inspection of the record in the last named case.
A power reserved in an instrument creating a trust to revoke or terminate the
trust does not make the trust invalid.

LATHROP, J.   This is a bill in equity by which the plaintiff
seeks to restrain the foreclosure of a mortgage of a parcel of
land in Stoneham.   The bill was filed in the Superior Court on
October 21, 1904.   After a hearing in that court, the bill was
dismissed with costs, and the case is before us on the plaintiff's
appeal.

The plaintiff was married to George N. Seaman on June 22,
1870.   On August 9, 1893, Mr. Seaman, who was then living
apart from his wife, caused the land in question to be conveyed
by its previous owners to his sister Ellen F. Davis, in trust
to pay to him the net rents and profits during his life, and to
allow him to use and enjoy the same during that time; also, at
his request, to sell and convey the same or any part thereof free
from the trust, and to pay the proceeds to him; also to mort-
gage the same at his request; also to convey the same to such
person to whomsoever he might direct by his last will, and in
default of such direction to convey the same to his heirs at law.

On February 15, 1895, at the request of George N. Seaman,
Ellen F. Davis, as trustee, conveyed the land in question by
a mortgage deed to the defendant Harmon, who was a pur-
chaser in good faith, for the sum of $3,200.

On February 28, 1896, the plaintiff obtained a divorce from
the bond of matrimony against her husband by reason of adul-
tery on his part.   The husband was ordered to pay $1,000 as
alimony, and this amount was paid.   This decree became ab-
solute on August 29, 1896.

At the time of the bringing of this bill Harmon had adver-
tised the land for sale for breach of a condition contained in the
mortgage.

George N. Seaman died on April 19, 1904.   While the case
was pending in the Superior Court, the administrator of the
estate of George N. Seaman and Carrie M. Seaman, in her own
right as wife of George N. and as guardian of their infant son,
were made parties defendant.

The statutes applicable to this case are the R. L. c. 152, § 24, and c. 132, § 1. Chapter 152, § 24, reads as follows: " After a divorce, a wife shall not be entitled to dower in the land of her husband, unless, after a decree of divorce nisi granted upon the libel of the wife, the husband dies before such decree is made absolute, except that, if the divorce was for the cause of adultery committed by the husband or because of his sentence to confinement at hard labor, she shall be entitled to her dower in the same manner as if he were dead." Chapter 132, § 1, provides: " A wife shall, upon the death of her husband, hold her dower at common law in her deceased husband's land."

There is no statute in this Commonwealth which gives a wife dower in the estate of which her husband has only an equitable title. At common law the wife has no dower in the estate of which the husband did not have a legal seisin at some time during the coverture. *Reed* v. *Whitney*, 7 Gray, 533. *Lobdell* v. *Hayes*, 4 Allen, 187. *Brooks* v. *Everett*, 13 Allen, 457. *Simonds* v. *Simonds*, 112 Mass. 157, 164. See also *Flynn* v. *Flynn*, 171 Mass. 312.

The plaintiff relies upon the case of *Brownell* v. *Briggs*, 173 Mass. 529. But as was said in *Leonard* v. *Leonard*, 181 Mass. 458, 461, " It is obvious that the decision in *Brownell* v. *Briggs* must be read with an eye to the precise facts on which it arose." It differs 'essentially from the case before us. There the facts show that the land had stood in the name of the husband and was conveyed by him to his grandniece. Here the land never stood in his name. There it was conveyed without consideration. Here the mortgagee paid a valuable consideration. There the deed was not recorded until after the death of the grantor. Here it was duly recorded. The two cases are clearly distinguishable.

There is a remark in *Leonard* v. *Leonard* in regard to *Brownell* v. *Briggs* which might mislead one not familiar with the facts. It is said that the conveyance was " left in the grantor's possession." It might be inferred from this that there was no delivery of the conveyance. On examining the bill of exceptions in *Brownell* v. *Briggs*, it appears that this was the demandant's contention, and there was evidence to this effect; but the tenant testified that the deed was delivered to her on

the day of its execution, that she kept it for several months, when the grantor took it, as he said, for the purpose of having it recorded. It was not however caused to be recorded by him, and was found among his effects after his death, and was then recorded by the tenant. On the disputed question of fact the judge found that the deed was delivered in the lifetime of the grantor.

The fact that there is a power of revocation in the trust instrument is consistent with the creation of a valid trust. *Stone* v. *Hackett*, 12 Gray, 227. *Kelley* v. *Snow*, 185 Mass. 288.

*Decree affirmed.*

*M. H. Browne*, (*J. M. Browne* with him,) for the plaintiff.
*L. M. Abbott & R. E. Buffum*, for the defendants.