Bridget McClean, Plaintiff, *v.* Denwood Realty Co., Inc., and Another, Defendants.

Supreme Court, New York Special Term, December 11, 1924.

Mortgages — foreclosure — defense by wife of mortgagor that husband furnished money to plaintiff to buy mortgage and that plaintiff agreed to foreclose and extinguish wife's dower right — facts may be pleaded as defense and counterclaim — allegations in defense as to relations between plaintiff, mortgagor, and his wife stricken out — examination of plaintiff before trial postponed until pleadings are revised.

In an action to foreclose a mortgage on real property, the wife of the mortgagor may plead as a defense and counterclaim that her husband gave the plaintiff the money with which to buy the mortgage under an agreement whereby the plaintiff was to foreclose the mortgage and thereby wipe out the dower right

of the wife, and a motion to strike out the defense as insufficient in law should be denied.

However, the motion by the plaintiff to strike out needless and scandalous allegations consisting of allegations as to the relations between the plaintiff and the mortgagor and the history of the marital troubles of the mortgagor and his wife should be granted.

The examination of the plaintiff before trial should be postponed until the pleadings are revised, and the notice for examination should be vacated with leave to renew after the amended answer and the reply thereto, if any is required, are served.

Motion in mortgage foreclosure action to strike out separate defense and counterclaim and, in the alternative, to strike out certain allegations contained therein, and for an examination before trial as to said defense and counterclaim.

*Siegel & Winters*, for the plaintiff.

*William C. Daly*, for the defendant Bridget O'Flaherty.

Proskauer, J.:

From the very loosely drawn and inartificial answer of defendant Bridget O'Flaherty, I spell out the assertion of the following defense and counterclaim: That the legal title to this property was in John O'Flaherty; that his wife, Bridget O'Flaherty, had an inchoate right of dower; that for the purpose of defrauding her of this inchoate right of dower, John O'Flaherty furnished the plaintiff the money with which to buy a mortgage on the property and to procure the foreclosure thereof, which would wipe out the dower right of this defendant; that the plaintiff is the mere dummy or agent of John O'Flaherty and has conspired with him to work this fraud, and that in effect, the mortgage has been paid by John O'Flaherty and should, therefore, be canceled. These facts may properly be pleaded both as a separate defense and a counterclaim. While the courts of this State have held that it is no fraud upon the wife for a husband to buy real estate and take title in the name of another so as to prevent the creation of an inchoate right of dower (it being the husband's prerogative to invest his personal property as he pleases, *Phelps* v. *Phelps*, 143 N. Y. 197), there is a plain intimation by Judge Cardozo in *Melenky* v. *Melen* (233 N. Y. 19, 24), which distinguishes that situation from the situation created where the inchoate right of dower has already come into being and the husband then seeks to defraud the wife. The cases cited by Judge Cardozo (*Walker* v. *Walker*, 66 N. H. 390; *Brownell* v. *Briggs*, 173 Mass. 529) sustain the wife's right to challenge such an attempt on the husband's part.

In so far as the motion seeks to strike out the defense as insufficient in law, it is denied.

The pleading, however, is replete with needless and scandalous allegations. The relations between plaintiff and John O'Flaherty may be material evidence in the proof of the fraud; they are not pleadable conclusions of fact. Likewise, the history of the marital troubles of John and Bridget O'Flaherty has no place in this pleading. The motion is granted in so far as it seeks to strike out these allegations. Defendant may serve an amended answer within ten days after the service of the order to be entered hereon with notice of entry and may in such pleading, if so advised, set up the facts indicated both as a defense and a counterclaim.

The examination of plaintiff should, of course, be postponed until the pleadings are revised and the notice for the examination will be vacated with leave to renew after the amended answer and the reply thereto (if any is required) are served.

Settle orders on notice.