ALBANY COUNTY SAVINGS BANK, Plaintiff, *v.* FANNIE
   V. BARTOW, EDWARD H. GOETZ and MARY T. GOETZ,
   Defendants.

(County Court, Erie County, April, 1921.)

Foreclosure — real estate — lapse of time insufficient reason for
   refusing to grant an order to put purchaser in possession —
   Code Civ. Pro. § 1675.

   Upon an application for an order under section 1675 of the
   Code of Civil Procedure to compel the sheriff to put the pur-
   chaser at a sale in foreclosure in possession, the court should
   be guided by the facts in each particular case, and mere lapse
   of time is not sufficient reason for refusing to grant such an
   order, and if the court deems it is for the best interests of all
   concerned, the granting of the order is justified.

   The purchaser at a sale in foreclosure, after retaining title
   to the property for about five years, though it never had been
   put into actual possession thereof, conveyed it to the present
   record owner.  Upon the return of an order to show cause
   obtained by the wife of the mortgagor, who was a party to the
   foreclosure action, why an order granted pursuant to section
   1675 of the Code of Civil Procedure directing the sheriff to put
   the present owner in possession of the property should not be
   vacated, it appeared that though after the sale in foreclosure
   a demand for the actual physical possession of the property
   had been made by the purchaser upon the mortgagor's wife
   she never surrendered such possession and that during the time
   she occupied the premises she made no effort to have her dower
   right established by legal action and did not notify the pur-
   chaser in foreclosure that she had any rights in the property.
   *Held,* that the order to show cause will be vacated and the
   present owner's motion to continue in force the order granted
   pursuant to section 1675 of the Code of Civil Procedure
   granted, with direction to the sheriff to proceed thereunder.

ACTION to foreclose mortgage.

Carlton E. Ladd, for motion.

Penney, Killeen & Nye (Henry W. Killeen, of counsel), in opposition.

NOONAN, J. For several years prior to January 1, 1916, the defendant Edward H. Goetz was the owner of certain premises on Delaware avenue in the city of Buffalo, upon which there was a mortgage to the Albany County Savings Bank. Mary T. Goetz, the defendant, is the wife of said Edward H. Goetz, but they have been living apart from each other for several years.

Sometime in 1915 an action to foreclose the Albany County Savings Bank mortgage was begun, and both Edward H. Goetz and Mary T. Goetz, his wife, were parties to the action. The foreclosure action was carried through to the finish, and the property covered by the mortgage was sold by a referee, and by a deed given by the said referee, dated January 7, 1916, and recorded in the Erie county clerk's office on January 8, 1916, the property was conveyed to the Borderland Realty Corporation, which retained the title to the same until March 17, 1921, when it conveyed the property to one Hilda W. Chadwick, who is now the record owner of the same and is seeking to obtain possession thereof from Mary T. Goetz, under an order granted by this court pursuant to the provisions of section 1675 of the Code of Civil Procedure.

After the order was granted directing the sheriff to put said Hilda W. Chadwick in possession of the property, Mary T. Goetz applied to the court for an order to show cause why the order putting Hilda W. Chadwick in possession should not be vacated, and the question to be determined by the court is whether or not said Hilda W. Chadwick has the right to the relief which she is seeking, or whether her order should be vacated and set aside.

We have to approach the solution of the problem without much guidance from reported cases, as I can find none of value construing section 1675 of the Code of Civil Procedure, so far as this case is concerned. The counsel for Mary T. Goetz contends that Hilda W. Chadwick has lost her right to the remedy which she invokes by lapse of time, and that she was also bound to make inquiries concerning the rights of said Mary T. Goetz, who was in possession of the premises. Counsel for said Hilda W. Chadwick contends that she has succeeded to all the rights of the Borderland Realty Corporation, the purchaser of the property in question upon the foreclosure sale. I find no decisions holding that the powers given under section 1675 of the Code have to be exercised within any particular time. I think it will be generally conceded that the right is available without question for the protection of the purchaser at the foreclosure sale, or his lawful assignees, if invoked within a reasonable time after the sale, and so the question is, is the lapse of five years and over since the sale was perfected such a one as will bar the petitioner from the relief asked for?

The affidavits show that sometime after the sale, the exact date not being fixed, a demand for the actual physical possession of the property was made upon Mary T. Goetz by the duly authorized representatives of the Borderland Realty Corporation, but that she never surrendered the actual possession of the property, and that the Borderland Realty Corporation never actually acquired the physical possession of the property.

It is the contention of Mary T. Goetz that the foreclosure of the mortgage upon the property and the transfer of its title to the Borderland Realty Corporation was a subterfuge on the part of her husband,

Edward H. Goetz, to deprive her of her dower rights in the property, but as I view the case we are not concerned with this problem for she was a party to the foreclosure and had her day in court. It was also intimated that she had an unrecorded deed to the premises from her husband, but the president of the Borderland Realty Corporation makes affidavit that no deed has ever been given by the corporation to the property in question to anyone except Hilda W. Chadwick.

During the time that Mary T. Goetz has occupied the premises she has made no effort to have her rights established through legal action. She had notice that the property was being sold, and was asked by the purchaser about two weeks prior to the granting of the order to vacate the premises on April first, and this she failed to do; neither did she notify the purchaser of any rights.

I think that the court in issuing the order provided for under section 1675 of the Code, should be guided by the facts in each particular case, and that the lapse of time alone is not sufficient reason for refusing to grant such an order. If upon an examination of all the facts in a particular case the court deems it is for the best interests of all concerned that the order should issue, then the court is justified in granting the relief provided by said section.

Since the Borderland Realty Corporation was never put into actual physical possession of the premises, and as the said Hilda W. Chadwick is the successor to all the right, title and interest of said Borderland Realty Corporation, and the said Mary T. Goetz had her day in court before the property was conveyed to the Borderland Realty Corporation, and as she has taken no steps since the said corporation acquired the property to assert any claim that she may have

therein, I think it will be for the orderly administration of justice and the securing of the rights of the purchaser who has put a considerable sum of her own money into the premises, to continue the order heretofore granted under section 1675 of the Code of Civil Procedure, in force, and the order to show cause why it should not be vacated is hereby itself vacated, without costs, and the sheriff of Erie county is hereby directed to proceed under the order originally granted April 5, 1921.

Ordered accordingly.