ANNA BYRNES, Respondent, *v.* CLIFFORD H. OWEN and Another, Appellants, Impleaded with SYLVESTER BYRNES and Another, Defendants.

Second Department, June 26, 1925.

Dower — action for accounting and to compel reconveyance of land to plaintiff's husband to protect plaintiff's dower — plaintiff's husband mortgaged property before plaintiff secured separation decree — mortgage was foreclosed twelve years before this action was commenced — plaintiff was party to foreclosure — plaintiff alleges foreclosure was fraudulent and seeks reconveyance to protect dower — plaintiff has no cause of action.

The plaintiff cannot compel the reconveyance to her husband of land mortgaged by her husband and herself before she procured a decree of separation, which land was subsequently sold in mortgage foreclosure proceedings, on the theory advanced by the plaintiff that her husband fraudulently permitted the mortgage to be foreclosed for the purpose of defeating plaintiff's dower right, and that the purchaser at foreclosure sale was merely acting as agent for plaintiff's husband, for it appears that the plaintiff was a party to the foreclosure action which was brought about twelve years before the present action was instituted, and for the further reason that at the time this action was brought the plaintiff's husband did not have an estate of inheritance in the land, which is essential to a dower right on the part of the plaintiff; the law will not create an estate of inheritance in order to subject it to the incident of dower.

APPEAL by the defendants, Clifford H. Owen and another, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 29th day of April, 1925, denying appellants' motion, made under rule 106 of the Rules of the Civil Practice, to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action against them.

*Clifford H. Owen,* for the appellants.

*Florence J. Sullivan* [*John F. Couts* with him on the brief], for the respondent.

RICH, J.:

This appeal is from an order of the Special Term denying the motion of defendants Owen to dismiss the complaint in an action for an accounting and to compel the defendant Margaret J. Byrnes to convey certain real property to defendant Sylvester Byrnes.

The facts, which we must consider as true in passing upon this appeal, are substantially as follows: Plaintiff is the wife of the defendant Sylvester Byrnes, from whom she procured a separation on March 11, 1912. The decree in her action provided for alimony

at the rate of $150 monthly, of which the defendant Sylvester Byrnes is alleged to be in arrears to the extent of $14,250. The only real property of which defendant Sylvester Byrnes was seized at the time of his marriage was situated at Morris Park, Queens county, N. Y., and described in the complaint. It is alleged that the said defendant's earnings aggregate $600 monthly. In November, 1910, plaintiff and the defendant Sylvester Byrnes executed to the Title Insurance Company of New York a first mortgage upon the premises above referred to for $2,500, which was thereafter assigned to one Trowbridge.

The gist of the action as set out in the complaint, is that the defendant Sylvester Byrnes fraudulently, and with the intent and purpose of defrauding plaintiff and depriving her of her dower right in said real property, and for the purpose of preventing the collection of her alimony, permitted and caused the said mortgage to be foreclosed in 1913 and had the defendant Clifford H. Owen take the title to said premises through said foreclosure, and thereafter caused the said Owen to convey said premises to the defendant Margaret J. Byrnes, although the defendant Sylvester Byrnes was at all times able to pay the mortgage. It is alleged that Owen was the agent and attorney of the defendant Sylvester Byrnes and took the title to said premises in his name for the said Byrnes, and that the defendant Margaret J. Byrnes also acted as the defendant Sylvester Byrnes' agent to aid him in his scheme to defraud plaintiff, and that said Sylvester Byrnes is and has been the true owner of said premises.

The relief demanded is that it be adjudged that the defendants Owen and Margaret J. Byrnes received the title to said premises merely as agents of the defendant Sylvester Byrnes; that it be adjudged that said premises at all times were owned by defendant Sylvester Byrnes, subject to the dower right of plaintiff, and that it be further adjudged that the said defendant Margaret J. Byrnes convey the said premises to the defendant Sylvester Byrnes and that the defendants Owen and Margaret J. Byrnes account to plaintiff for the rentals of said premises from March 7, 1914, to April 21, 1919.

The only question presented relates to whether or not the complaint states a cause of action against the defendants Owen. The learned Special Term has said that it does, but appellants contend that inasmuch as it appears from the face of the complaint that plaintiff in this action was a party defendant in the foreclosure action, she cannot now in a separate action, brought nearly twelve years later, be heard to claim that the defendant Sylvester Byrnes

23

perpetrated a fraud upon her in permitting the action to proceed to foreclosure. *Albany County Savings Bank* v. *Bartow* (115 Misc. 233; affd., 201 App. Div. 879) is cited as authority in support of this proposition. An examination of that case discloses that the wife of the owner of the equity of redemption advanced the same contention as is here made. The court said: " It is the contention of Mary T. Goetz that the foreclosure of the mortgage upon the property and the transfer of its title to the Borderland Realty Corporation was a subterfuge on the part of her husband, Edward H. Goetz, to deprive her of her dower rights in the property, but as I view the case we are not concerned with this problem for she was a party to the foreclosure and had her day in court." It is also urged by defendants, appellants, that plaintiff has no right to compel a reconveyance to her husband in order to protect her dower on the ground that the legal title to the property is held by the defendant Margaret J. Byrnes, in trust for Sylvester Byrnes, in that the interest of plaintiff's husband in said property is not an estate of inheritance in which plaintiff would have an interest upon the death of her husband. *Melenky* v. *Melen* (233 N. Y. 19), together with other cases, is cited in support of this contention. Plaintiff in that case brought an action to compel a reconveyance by her husband's son by a former marriage, to protect and establish her dower. A demurrer to the complaint was sustained upon the ground that her husband's interest was not an estate of inheritance. The court said: " This grantor has not attempted to enforce his chose in action. He has not asked a court of equity to undo the conveyance and re-establish the divested title. He is willing to let the transaction stand, or unwilling, at all events, to take active measures to annul it. We are now asked to say that the wife may reclaim what the husband would abandon. This means, of course, that the chose in action is not solely his, but is hers also, to the extent of the benefit that would come to her if he had chosen to enforce it. We find no adequate basis for such a conclusion either in principle or in precedent. Decisions, hardly to be distinguished, announce a different ruling. * * * Dower attaches, not to choses in action, but to estates. (*Seaman* v. *Harmon*, 192 Mass. 5.) The law will not create the estate in order to subject it to the incident."

I am of the opinion, therefore, that the complaint not only fails to state a cause of action against the defendants Owen but also against the defendants Byrnes. The only question before this court, however, is whether or not it states a cause of action against the defendants Owen, and as to them the motion should have been granted and the complaint dismissed.

I recommend that the order denying the motion of the defendants Owen for dismissal of the complaint as to said defendants be reversed upon the law, with ten dollars costs and disbursements, and the motion granted and the complaint dismissed as to said defendants, with costs.

KELLY, P. J., JAYCOX, KELBY and KAPPER, JJ., concur.

Order denying motion of defendants Owen for dismissal of the complaint as to said defendants reversed upon the law, with ten dollars costs and disbursements, and motion granted, and complaint unanimously dismissed as to said defendants, with costs.