Benjamin Brenner, J.
This is an application in the nature of a writ of assistance to put the present owner of the premises into possession of certain premises. The undisputed facts are that the defendant Central Paint & Varnish Works, Inc., had in 1946 occupied the entire building on Water Street but no part of the premises on Front Street, also owned by the same landlord. On February 2, 1955, the defendant entered into an agreement with the then owner surrendering possession of the Water Street premises and taking a lease covering the first floor of the Water Street premises and the basement of the Front Street premises for a period of two years, terminating January 31, 1957. These two buildings, though on one level, are separate and erected back to back with a common wall on the rear of each with access to each through the party wall. The within plaintiff, following default of a mortgage on said premises, commenced an action to foreclose and the defendant was made a party defendant but did not interpose any defense. A judgment of foreclosure was thereafter entered and the property was purchased by the plaintiff on April 26, 1956. In October, 1956, plaintiff instituted a similar proceeding seeking a writ of assistance, but the parties entered into a stipulation of discontinuance, wherein the defendant paid the plaintiff for the use and occupation of the premises from April, 1956, to November 30, 1956. It was then also agreed that the stipulation was not intended to determine or fix the status of the occupancy, nor to fix the use and occupancy charge for any period after November 30, 1956, nor to renew or affirm the lease of February 2, 1955. On December 17, 1956, the premises were sold by plaintiff to the moving party and since December 1, 1956, the defendant has failed to pay for the use and occupation of the premises.
Section 985 of the Civil Practice Act, which authorizes the issuance of a writ of assistance, is applicable to the movant though it is merely the plaintiff’s successor in title and not the immediate purchaser at the foreclosure sale (Albany County Sav. Bank v. Bortow, 115 Misc. 233, affd. 201 App. Div. 879; Morgenthaler v. Nemeth, 229 App. Div. 739). The agreement did not revive or create a relationship of landlord and tenant *175 as between the movant and the defendant because the stipulation specifically provided against such status and the rights of the parties from the time of foreclosure obtained as if no agreement had been entered into.
There is no merit to the moving party’s contentions that the “ quit and surrender ” clause in the lease of February 2, 1955, decontrolled the premises under section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.) In Fischel v. Steel Management Co. (286 App. Div. 780), and Olympic Assets v. Hatch & Co. (1 Misc 2d 653), the courts construed subdivision (g) of said section, dealing with grounds for removal of a tenant, denying protection to a tenant who agrees to termination of occupancy on or after the expiration date in a lease, as follows: ‘ ‘ the portion of the section sought to be applied contemplates an agreement in writing other than a quit and surrender clause in a lease executed after the expiration of a prior lease.”
Nor is there any merit to the argument that decontrol resulted from the merger of the admittedly decontrolled premises at Front Street with that at Water Street because of the creation of a newly leased unit. There is no provision in the Business Rent Law which decontrols space by reason of its use in conjunction with uncontrolled space. Space can only be decontrolled in accordance with the provisions of the law. In fact, section 12 specifically provides that a waiver of any provision of the act shall be unenforeible and void, and the defendant could not by the execution of the subject lease waive its rights under the statute. The cases cited by the applicant in support of its contention to the contrary are distinguishable in fact and law.
The question remains whether defendant is protected by the Business Rent Law with respect to the Water Street property. This must also be determined adversely to the defendant. Defendant has not paid for use and occupation of the premises since December 1, 1956, nor does the defendant claim that any offer or tender to pay for such use and occupation had been made. Under these circumstances it is in no position to request favorable application of the protective features of the Business Rent Law. In an analogous situation affecting the State Residential Rent Law (L. 1946, ch. 274, as amd.) where the term “ tenant ” was defined in a manner similar to that provided for in the Business Rent Law, the court in United Security Corp. v. Suchman (307 N. Y. 48) held that an existing lease came to an end and was terminated by a judgment of foreclosure and ensuing sale and that the State Residential Rent Law protected such tenants and assured them of continued possession if they choose, *176 or, to use the statutory language, so long as they continue to pay rent. The court further stated that it was a privilege granted the occupant, and not a duty forced upon him, and if he refused to pay the rent, thereby electing not to exercise his privilege, the foreclosure purchaser cannot treat him as a tenant and may obtain relief in the nature of a writ of assistance.
The application is granted, with execution of the writ stayed for sixty days, provided the defendant pay for the use and occupation of the premises from December 1,1956. Settle order on notice.