SUSAN H. HICKS *v.* CHARLES STEBBINS, JR

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1870.)

A widow is not entitled to dower out of lands held under contract of purchase, where the husbands interest has been aliened during coverture.

Where the husband held a contract for the purchase of land on which he paid the purchase money in full, and obtained a conveyance to his son, who, conveyed to the defendant by deed absolute in form, but in fact upon trust for purposes set forth in the husband's will.—*Held*, there being nothing to impeach the *bona fides* of the trust, that the widow was not entitled to dower.

THIS was a submission upon a case agreed, without action, and was submitted upon briefs without oral argument, by

*Jno. A. Van Derlip*, for the plaintiff.

*Sedgwick, Kennedy & Tracy*, for the defendant.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J.   This is a case agreed upon by the parties, and submitted to the court under and pursuant to section 372, of the Code of Procedure.

The facts are briefly these : The plaintiff was married, in this State, in 1844, to Russel F. Hicks.   They had three children, two sons, now both over twenty-one years of age, and a daughter who is now a minor.

In 1867, the plaintiff, at the request of her husband, caused an action to be commenced against him in the Court of Common Pleas of St. Joseph county, Indiana, for a dissolution of the marriage contract, on the ground that he had abandoned her and did not contribute to her support.   A notice of the pendency of the action was published in conformity to the laws of Indiana for three weeks, and this was the only service ever made or notice ever given to the husband of the commencement of said action ; neither the plaintiff nor her husband was a resident of Indiana at the time the action was

instituted. In accordance with the laws of said State, the district attorney of St. Joseph county appeared for the husband in the action and put in an answer to the plaintiff's petition. A decree dissolving the marriage was entered.

In August, 1869, said Russel F. Hicks, died in this State; the holder and owner of a contract executed by C. L. Lincklaen for the sale to him of 101 acres of land lying and being in Cicero, Onondaga county, the purchase-price of which land said Hicks had paid in full.

Said Hicks had purchased and taken a contract from one Somers for two pieces of land lying in the town of Hastings, Oswego county, containing together seventy-five acres of land. He had fully paid the purchase-price, and by his direction Somers conveyed said land to John F. Hicks, one of his (Hicks) sons, and John F. pursuant to an arrangement with his father, conveyed said pieces of land to the defendant by a deed absolute on its face, but in fact to be held subject to certain trusts under the will of said Russel F. Hicks. By that will said Hicks devised to the defendant all the remainder of his estate not in and by said will specifically devised to others in trust to apply the interest to the support of his father during his life, and upon his death a part to be given to the Oneida Conference Seminary, and the balance in equal parts to his two sons.

The plaintiff claims dower in the two parcels of land conveyed by John F. Hicks to the defendant, and the defendant refuses to admit her claim. And the question to be decided is, whether the plaintiff is entitled to dower in those pieces of land.

The defendant's counsel makes no objection to the claim of the plaintiff founded on the invalidity of the proceedings in obtaining the divorce; nor does he insist that she is estopped from claiming dower by reason of such divorce; his whole ground of refusal to recognize her claim for dower is, that the testator had not at his death any interest in the two parcels of land in question, and hence the plaintiff is not entitled to dower therein.

By the Revised Statutes (3d vol., 5th ed., p. 31, § 1), a widow is entitled, as dower, to one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage.  The interest which the purchaser of land acquires by his contract is an equitable interest only, and not being a legal estate in the land, the widow of such purchaser was not at common law entitled to dower in such lands.

The Revised Statutes (3d vol., 5th ed., p. 655, § 80) have extended the right to dower: 1st. To lands purchased by the husband at sale on execution, when the husband dies before the expiration of the time for redemption, and the lands are subsequently conveyed to the executors or administrators of the deceased husband.  2d. To lands held by the husband at the time of his death, by contract of purchase. (3 R. S., 5th ed., p. 199, § 78; same page 200, § 84.)  It was held by the courts, both of law and equity, in this State before the Revised Statutes, that the widow of a mortgagor was entitled to dower in the surplus moneys after paying the mortgage debt, etc., arising from the sale of the equity of redemption on a mortgage which she had executed jointly with her husband, and in the surplus arising from the sale of the equity of redemption on mortgage given by the husband before the marriage.  The chancellor in *Hawley* v. *James* (5 Paige, 318, 453), holds that a widow is dowable only of lands held by the husband by contract at the time of his death, and, if he aliens it in his lifetime, she will not be entitled to dower therein as against the grantee.  In a clause preceding the one quoted, the chancellor says:  The legislature had in the recent revision of the laws, adopted the principle of permitting a widow to receive equitable dower in the *descendible equitable interest of the husband in real estate which belonged to him at the time of his death*.  If the views of the chancellor are correct, then a widow is only entitled to dower in land held by the husband by contract at the time of his death.  But she was dowable of land in which the husband at any time after marriage was seized of an estate of inheritance.

I am unable to find any provision of the Revised Statutes, that prescribes or recognizes any such distinction as is taken by the chancellor. All that is said in the statutes as to dower in land held by contract, is found in the sections cited *supra*, from pages 199 and 200 of 3d vol. of the Revised Statutes. By section 78 it is provided that a contract held by a deceased person, at the time of his death, for the purchase of land, may be sold on the application of his personal representatives or creditors, in the same cases and in the same manner as if he had died, seized of the said land. By section 84 it is provided that the moneys arising from the sale shall be paid into court, and shall be applied in payment of expenses, etc., of the sale, and in satisfying any claim for dower, etc. If this provision means, as it probably does, the dower of the widow of the vendee, it is at most a recognition of the right, but does not confer it. The right referred to is the right to dower in the proceeds of lands sold in order to pay the debts of the deceased vendee. If it is to be held to extend the right beyond the case provided for in the sections referred to, and others in relation to the same subject-matter, it follows that these sections give or recognize the right to dower in lands which the deceased held by contract as purchaser, without regard to the time of the death of the husband, or whether he had or had not parted with the contract before his decease.

As long ago as the case of *Champion* v. *Brown* (6 John C. R., 398), it was held that a contract for the purchase of lands descended in equity to the heirs of the purchaser as real estate. It has also been held that the purchaser who has paid the purchase-money is to be deemed the owner of the land, the vendor holding the legal title in trust for his benefit. A purchaser who has paid for the land bought, has an estate or interest in it; it is inheritable and, under one statute relating to dower, his widow is entitled to dower in such lands, as upon the concurrence of these circumstances the statute declares her entitled.

When the legislature gave dower in equitable estates or interests in land, it placed them upon the same footing as

legal estates; and if so, then the widow is entitled to be endowed of all such lands of which the husband was seized during the coverture. Lord Mansfield, in *Burgess* v. *White* (1 Black. R., 155, 161), says: "The former, when it is adjudged, is the only difference between trusts and legal estates. Trusts are considered as between *cestui que trust* and trustee, and all claiming by, through or under them, or in consequence of their estates as the ownership, and as legal estates, whatever would be the rule of law if it was a legal estate is applied in equity to a trust estate." Lord Thurlow said, that in many acts of parliament an equitable estate was considered the same as if it was a legal estate; that the words, " seized in law or in equity," in the qualification act, showed that the word seized was applied to both, and that the word seizin extended to being seized in equity.

If there is any case to which the principles above advanced should apply, it is to the case of dower under our statutes. The only formidable obstacle in the way of giving a widow dower in lands which the husband may have held by contract at any time during the marriage is the embarrassment it would create in the transfer of contracts of purchase; they seem to be treated as chattels, and to pass from hand to hand with the same freedom, and yet they are treated by the legislature for nearly all purposes as conveyances of an estate in land. The same considerations might be urged against giving dower in lands conveyed by the husband during his life. Yet the. difficulty of ascertaining whether the purchaser had a wife, or the embarrassment it throws in the way of transfers of title, have never been deemed of sufficient magnitude to render necessary change of the law which gives dower to the widow on all lands of which the husband was seized of an estate of inheritance at any time during the marriage.

But as it is probable that a great many estates have been settled upon the views of the law taken by the chancellor, it would be productive of great mischief to abandon the construction he has given to the statutes regulating and defining

the right of dower. For this reason, and for this only, I am constrained to hold that the plaintiff is not entitled to dower in the two pieces of land lying in Oswego county.

If it was intended to insist that the conveyance to defendant was such as did not divest the husband of his equitable interest in the land, and that it still remained his property, so that he was in equity the owner at the time of death, so as to entitle the plaintiff to dower therein, there should have been some statement of fact tending to show that the conveyance to the son, and by the son to defendant, were colorable merely. These conveyances are on their face absolute, and must be so treated until something is shown tending to prove that they are not what they purport to be. The court can only pass on the facts stated in the submission, and can draw from them such conclusions as are naturally and reasonably deducible therefrom. There are no facts stated which would justify the inference which must be drawn to entitle the plaintiff to dower.

There must be judgment for defendant.