FANNIE B. MELENKY, Respondent, *v.* ASHER P. MELEN, Appellant, and REUBEN MELENKY, Respondent.

**Husband and wife — action to establish inchoate right of dower — where a father conveyed land to his son upon an oral promise of the son that he would reconvey, and the father married again but the son reconveyed a life estate only, the wife of the grantor cannot maintain action against him and his son to have her inchoate right of dower established.**

1. A father conveyed land to his son that he might manage the property in the absence of the father, upon an oral promise of the son

that he would reconvey upon demand; the father thereafter married again, having told the wife, this plaintiff, that he was the owner of valuable real estate and she having relied upon his statement in consenting to the marriage. Subsequently the son, when asked to reconvey, made a deed to his father of an estate for life but refused to reconvey the fee, his purpose in retaining the fee being to deprive the wife of her dower. *Held*, that the wife cannot maintain this action in which her husband and son are defendants, to have her inchoate right of dower established and a reconveyance adjudged, and a demurrer interposed by the son must be sustained.

2. While " a widow shall be endowed with a third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage " (Real Property Law [Cons. Laws, ch. 50], § 190), the plaintiff's husband is not se'zed of such an estate, nor has he been since the conveyance to his son. The transfer was made to promote his business convenience before his marriage to the plaintiff. There was no trust declared in writing, only an oral promise to reconvey, and no fraud is charged. Plaintiff's husband being unwilling to bring an action in equity or to take other measures to annul the conveyance to his son, plaintiff may not elect for him nor overrule his choice.

*Melenky* v. *Melen*, 198 App. Div. 66, reversed.

(Argued January 9, 1922; decided February 28, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 1, 1921, which reversed an order of Special Term sustaining a demurrer to the complaint and overruled said demurrer.

The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action? "

*George S. Van Schaick* for appellant. This action is not brought by the real party in interest. (Code Civ. Pro. § 449; Civil Practice Act, § 210; *Clark* v. *Dada*, 183 App. Div. 253.) Plaintiff has no interest to protect. (Real Property Law, § 190; *Clifford* v. *Kampfe*, 147 N. Y. 383.) Plaintiff has no standing to bring this action because the conveyances complained of are not void but

possibly avoidable at the husband's option. (1 Scribner on Dower, 585.) There can be no inchoate right of dower in an equitable estate of inheritance. (1 Washb. on Real Prop. [6th ed.] § 401; 1 Scribner on Dower [2d ed.], 442; *Hawley* v. *James*, 5 Paige, 318.) At no time during coverture has Reuben Melenky been seized of an estate of inheritance in the property. (1 Washb. on Real Prop. [6th ed.] § 97; 1 Scribner on Dower, 232; *Ludlow* v. *N. Y., N. H. & H. R. R. Co.*, 12 Barb. 440.)

*Henry W. Ungerer* for respondent. An inchoate right of dower is a valuable right which the court will protect in a proper case in an action brought by the wife during the lifetime of her husband. (*Nicholas* v. *Park*, 78 App. Div. 95; *Douglas* v. *Douglas*, 11 Hun, 406; *Clifford* v. *Kampfe*, 147 N. Y. 383.) The allegations of the complaint support a cause of action based on seisin at law. (*Bliss* v. *West*, 58 Hun, 71; *Phelps* v. *Phelps*, 143 N. Y. 197; *Embree* v. *Ellis*, 2 Johns. 119; *Beardslee* v. *Beardslee*, 5 Barb. 324.) The complaint alleges a beneficial use and the right to possession in Reuben Melenky. (*Phelps* v. *Phelps*, 143 N. Y. 197.) Actual seisin in fact in the husband is not necessary in order to grant relief to plaintiff. (*Clifford* v. *Kampfe*, 147 N. Y. 383; *Douglas* v. *Douglas*, 11 Hun, 406.)

CARDOZO, J. The case is here on a demurrer to the complaint.

In December, 1913, Reuben Melenky conveyed land in the city of Rochester to his son Asher P. Melenky, now Asher P. Melen. The deed was made that the son might manage the property in the absence of the father, and was coupled with an oral promise to reconvey upon demand. In August, 1914, the father married again; and the plaintiff is his wife. Before the marriage, he told her that he was the owner of valuable real estate in Rochester. She relied upon his statement in consenting

to the marriage. Four years later, the son, when asked to reconvey, made a deed of an estate for life, but refused to reconvey the fee. The father, under pressure of age, infirmity and want, accepted the deed as tendered. The purpose of the son in retaining the fee was to deprive the plaintiff of her dower. She prays that an inchoate right of dower be established and a reconveyance adjudged. Father and son are joined as defendants. The demurrer is by the son.

" A widow shall be endowed with a third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage " (Real Property Law, section 190; Consol. Laws, ch. 50). The plaintiff's husband is not seized of such an estate, nor has he been since the conveyance. A different question would be here if the trust had been declared in writing. There would be no need, in such circumstances, of the judgment of a court. The beneficial owner (there being none of the four express trusts) would have the legal estate by force of the mandate of the statute (Real Prop. Law, secs. 92, 93; *Wright* v. *Douglass*, 7 N. Y. 564; *Murray* v. *Miller*, 178 N. Y. 316, 322; *Monypeny* v. *Monypeny*, 202 N. Y. 90, 93). This trust, however, was oral. The statute, far from executing it automatically, pronounced it unenforcible in its creation (Real Prop. Law, sec. 242). True, a court of equity, finding an abuse of confidence, might give relief upon the ground of fraud (*Wood* v. *Rabe*, 96 N. Y. 414; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313, 318; *Ahrens* v. *Jones*, 169 N. Y. 555; *Leary* v. *Corvin*, 181 N. Y. 222, 228; *Reynolds* v. *Reynolds*, 224 N. Y. 429, 433; Ames, Lectures on Legal History, 425, 429). Even then, its jurisdiction would be exerted to undo rather than to enforce, or to enforce only as a substitute for undoing, since justice might fail if remedies were rigid. Until the entry of a decree, the defrauded grantor is not the owner of an estate. He is the owner of an obligation, a chose in action (*Wheeler* v. *Reynolds*,

1922.] Opinion, per Cardozo, J. [233 N. Y. 19]

66 N. Y. 227, 236; Ames, *supra;* Hohfeld, Fundamental Legal Conceptions, 24, 106, 108; Pound, 33 Harvard L. R. 420; cf. Real Prop. Law, sec. 100; *Schenck* v. *Barnes,* 156 N. Y. 316, 321). The right which is his during his life may pass upon his death to his heirs or devisees (*Williams* v. *Haddock,* 145 N. Y. 144), but it is still " a remedial expedient " (Pound, *supra*). Seizin there is none either " in deed " or " in law " (2 Pollock & Maitland, History of English Law, p. 60; Co. Litt. 31a). Reconveyance does not evidence a seizin continuously retained. It reinstates a seizin that would otherwise be lost.

This grantor has not attempted to enforce his chose in action. He has not asked a court of equity to undo the conveyance and re-establish the divested title. He is willing to let the transaction stand, or unwilling, at all events, to take active measures to annul it. We are now asked to say that the wife may reclaim what the husband would abandon. This means, of course, that the chose in action is not solely his, but is hers also, to the extent of the benefit that would come to her if he had chosen to enforce it. We find no adequate basis for such a conclusion either in principle or in precedent. Decisions, hardly to be distinguished, announce a different ruling (*Phelps* v. *Phelps,* 143 N. Y. 197; *Nichols* v. *Park,* 78 App. Div. 95; *Leonard* v. *Leonard,* 181 Mass. 458, 461). Dower attaches, not to choses in action, but to estates. (*Seaman* v. *Harmon,* 192 Mass. 5). The law will not create the estate in order to subject it to the incident. This is not a case where the *grantee* has abused a confidence reposed in him by the wife. She was not a party to the conveyance, which was made before the marriage. This is not a case where the *grantor* has attempted by a clandestine transfer of the title to modify the incidents of a marriage about to be contracted (*Youngs* v. *Carter,* 10 Hun, 194; *Bookout* v. *Bookout,* 150 Ind. 63). The transfer was made to promote his business convenience,

when no marriage was in view. He is not subject to the reproach of plotting a fraud upon his wife (*Walker* v. *Walker*, 66 N. H. 390; *Brownell* v. *Briggs*, 173 Mass. 529). No such charge, indeed, is made. The most that can be said is that he is unwilling to assume the burden of seeking redress for a fraud which another has practiced upon *him*. In this, we find no breach of duty. The right of election is his, either to submit or to contend. His wife may not elect for him, nor overrule his choice. One might as well say that while he was yet alive, she could compel the specific performance of a contract of purchase which he was willing to forego (*Hawley* v. *James*, 5 Paige, 318, 452, 453, 454). The wrong to the husband may be the misfortune of the wife. We think it is nothing more.

The order of the Appellate Division should be reversed, and the interlocutory judgment of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered in the negative.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.