SOPHIA GABLER, Plaintiff, *v.* WILLIAM A. GABLER and Others, Defendants.

Supreme Court, Cattaraugus Equity Term, April, 1922.

Dower — wife of one having equitable title to property is not entitled to dower if he never had actual seizin or legal title.

Under section 190 of the Real Property Law an actual seizin of a husband is an indispensable prerequisite to dower either inchoate or consummate.

In an action to determine a claim to real property it appeared that since 1910, when plaintiff obtained a decree of separation from her husband, they had lived apart; that in 1899 the then owners of the property in question, one of whom was plaintiff's father, conveyed the same to B. in consideration of $350, which was paid wholly by plaintiff's husband G. Upon an oral understanding between G. and B. that the property, a vacant lot, would be held and conveyed by B. as G. might direct, B., at G.'s request, conveyed the property to G.'s father, who as a part of the same transaction gave a mortgage for $400, the consideration expressed in the deed, to G., which mortgage has never been recorded. Under the residuary clause of the will of G.'s father, which was duly admitted to probate, his apparent title to the property in question vested in his wife, the mother of G., who conveyed the same to C. and his wife for $4,200, of which $1,000 was paid to G. in cash, to whom also the grantees gave back a purchase-money mortgage for the balance of the purchase money. Upon the execution of the deed to B. a house was built on the lot by G., who paid for all improvements, at all times asserted his ownership of the property, the taxes thereon, with his approval and by his direction, were assessed to him, and he

received the rent and paid the insurance until the property was sold to C. and his wife. *Held,* that while G. in a suit in equity could have obtained a decree compelling B. to convey the property had he denied the oral agreement or refused to carry it out, or could have maintained a like action against his father or his successor in title, no title legal or equitable ever vested in G. and the complaint will be dismissed, with costs.

The case is controlled by section 94 of the Real Property Law, and section 93 of said statute has no application here.

ACTION to determine a claim to real property.

*Henry Donnelly,* for plaintiff.

*Patrick S. Collins,* for defendant William A. Gabler.

*John H. Ryan,* for defendants Casey.

COLE, J. The following facts are established to the satisfaction of the court, viz., the plaintiff and the defendant William A. Gabler were married at Olean in this county about 1887. They lived together at Olean aforesaid until about the year 1910, when she procured a decree of separation from her husband and they have since lived apart. On November 23, 1899, the widow and devisees of Philip Wholebin, being the owners of the real property described in the complaint, conveyed the same to one Charles Breeder (named in the deed as " Brader "), for the consideration of $350. One of said grantors, to wit, John Wholebin, was the father of the plaintiff. The consideration for such conveyance was paid wholly by the defendant William Gabler at or about the time of the conveyance, and the title was so taken, pursuant to an oral understanding between the defendant and Breeder that the property would be held and conveyed by said Breeder as the defendant Gab er might direct. On March 13, 1900, said Breeder, at the defendant Gabler's request, conveyed the said property to John Gabler, who was William's father, and the consideration named in said deed was $400. As a part of the same transaction, a mortgage was given, signed by John Gabler and his wife, Veronica, to William Gabler, for $400, payable within ten years, with annual interest payments. This mortgage was dated March 17, 1900. It has never been recorded. John Gabler died the early part of the year 1910. He left a will which bears date December 3, 1891, by the residuary provision of which he devised all of his property to his wife, Veronica Gabler, and by virtue of this provision, his apparent title to the real property involved in this action vested in Veronica Gabler, the defendant William's mother. This will was duly admitted to probate on April 14, 1910. On July 22, 1920, said Veronica Gabler conveyed the said property to the defendants William E. Casey and Anna Casey, his wife, as tenants by the entirety, for $4,200; $1,000 of which was paid in cash to the defendant William Gabler,

and a mortgage which is stated therein to be " a purchase money " mortgage for $3,200 was executed by the purchasers, the Caseys, to William A. Gabler. The said mortgage was recorded July 23, 1920. The said deed to the Caseys was recorded July 28, 1920. An exemplified copy of the said will of John Gabler was recorded July 23, 1920. The deed to Breeder and the one from him to John Gabler were each recorded on July 2, 1920.

When the deed was executed to Breeder by the Wholebins, said William Gabler at once took possession of the said property, which was a vacant lot at that time  He improved the lot and built a house thereon, claiming the property to be his own, and paid for all of the improvements. He rented it, and received the rents until the time of the sale to the Caseys in 1920. He asserted his ownership at all times, and paid the taxes and insurance thereon. The property and paving taxes were assessed to him, with his approval and by his direction.

The Caseys did not have sufficient information concerning any claim of the plaintiff to the property to put them on inquiry, and they must be deemed to occupy the status of innocent purchasers. Their status does not stand in the way of granting to the plaintiff any relief to which she might otherwise be entitled, and the case will be disposed of as if their rights were not involved and unembarrassed by that consideration.

The plaintiff has brought this action, claiming that title to the property was at all times held in trust for the defendant William A. Gabler, and that he had, during all of said time, either the legal or equitable title thereto, and that said title was dowable.

By section 190 of the Real Property Law, which is the same as the former provision of said law, and of the Revised Statutes, " A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage." Under this provision of the statute, an actual seizin is an indispensable prerequisite to the wife's dower, either inchoate or consummate. *Phelps* v. *Phelps*, 143 N. Y. 197; *Nichols* v. *Park*, 78 App. Div. 95; *Melenky* v. *Melen*, 233 N. Y. 19. It has been held that the dower interest of the widow attaches to lands of which a descendible equitable title is in the husband at the time of his death. *Hawley* v. *James*, 5 Paige, 318; *Hicks* v. *Stebbins*, 3 Lans. 39, 41; 14 Cyc. 910. It is quite doubtful, however, if this can be regarded as the law in this state in view of the decisions in *Phelps* v. *Phelps, supra,* and *Melenky* v. *Melen, supra.*

The *equitable title*, however, is one thing, and an entirely different thing from the *right in equity* to bring an equitable action to set aside a transfer or to compel the performance of a duty on the part

of the grantee in whom the legal title rests. *Melenky* v. *Melen*, *supra*.

In the instant case, no title, either legal or equitable, ever vested in William Gabler. He could have maintained an action in equity and could have obtained a decree compelling Breeder to deed to him, had Breeder denied the arrangement or refused to carry it out. He could also have maintained a like action against John Gabler or his successor in title, Veronica Gabler. But this has not been necessary, for she, too, recognizing the rights of William Gabler to maintain such an action, conveyed upon request to the Caseys, and William Gabler has the avails of the sale.

The plaintiff urgently insists that Breeder, as well as his successors, John and Veronica Gabler, respectively, were mere naked trustees, and that the legal title vested in William, who had the alleged beneficial interest therein by force of section 93 of the Real Property Law and the provisions of the former law and the Revised Statutes from which such section was derived. That section provides: " Every disposition of real property, whether by deed or by devise shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee. But neither this section nor the preceding sections of this article shall extend to the trusts arising, or resulting by implication of law ·* * *."

This provision of the statute, however, applies only to a case where the trust is declared in writing. *Foote* v. *Foote*, 58 Barb. 258; *Johnston* v. *Spicer*, 107 N. Y. 185; *Bates* v. *L. M. Co.*, 130 id. 200; *Melenky* v. *Melen*, *supra*. It has no application to this case, which is controlled by the provisions of section 94 of the Real Property Law, which provides that where a grant of real property is made to one person and the consideration is paid by another (the rights of creditors not being involved), " the title vests in the grantee, and no use or trust results from the payment to the person paying the consideration, or in his favor, unless the grantee either, 1. Takes the same as an absolute conveyance, in his own name, without the consent or knowledge of the person paying the consideration; or, 2. In violation of some trust, purchases the property so conveyed with money or property belonging to another." This case does not fall within either of the exceptions contained within the last quoted section. Several decisions have been cited which it is claimed give support to the plaintiff's contention. Apparently none of these decisions are in real conflict with the Court of Appeals decisions in *Phelps* v. *Phelps*, *supra*, and *Melenky* v. *Melen*, *supra*,

and if they are, they must be deemed to be overruled by those decisions of the highest court.

In *Douglas* v. *Douglas,* 11 Hun, 406, the wife was induced by her husband to join in a conveyance thereby releasing her inchoate right of dower upon the husband's representations and assurances that her dower would attach to the lands to be received in exchange. Without her knowledge or consent, the title to the lands received in exchange was taken in the name of the husband's sister. It was held that the dower interest released by her constituted a part of the *consideration* for the lands received in exchange, and that the title having been taken in the name of the husband's sister without her knowledge and consent, she came within the exception mentioned in section 94 of the Real Property Law.

In *Starbuck* v. *Starbuck,* 62 App. Div. 437, the trust was declared *in writing* and, therefore, came within the provisions of section 93. The case of *Lugar* v. *Lugar,* 160 App. Div. 807, decided by a divided court, in so far as it can be said to hold that a descendible and dowable equitable title vests in one who has merely a right to maintain an action in equity to compel the enforcement of an oral agreement on the part of the grantee of lands to hold such lands in trust for the benefit of one who has furnished the purchase money, must be deemed to be overruled by the case of *Melenky* v. *Melen, supra.*

The case of *Youngs* v. *Carter,* 10 Hun, 194, was one in which the husband after the engagement and just before the marriage, conveyed certain real property of which he was then in fact seized, with the fraudulent intent on the part of both grantor and grantee to prevent the wife's dower from vesting. She was permitted to bring an action to set aside the transfer for the purpose of restoring the seizin of which the husband had fraudulently divested himself to the end that when so restored by virtue of the decree, her inchoate right might then attach. That case fell within the principle declared in *Bliss* v. *West,* 58 Hun, 71, as being made in contemplation of marriage with the fraudulent intent to deprive the wife of dower. The principle by which the instant case must be governed seems so clearly established by the decisions of the Court of Appeals above cited that there is no way of avoiding it, and the plaintiff must fail. The decision herein is placed squarely and unequivocally upon the ground that accepting all the facts as plaintiff contends them to be, there never was any seizin in fact or in law in the husband. He paid for this property with his own money, in which the wife had no inchoate right as she would have had in his real property. He might have invested it in many forms of property in which she would have had no such interest.

*Phelps* v. *Phelps, supra.* Seizin in lands is the condition upon which her inchoate right of dower attaches. The *right of action* which William Gabler at all times had against Breeder, John Gabler or Veronica Gabler, successively, was not a dowable *estate.*

The plaintiff's complaint must be dismissed, with costs. A decision containing findings of fact and conclusions of law in conformity to the foregoing may be prepared, and if not agreed upon, will be settled by the court.

Judgment accordingly.