ANNA BYRNES, Appellant, *v.* CLIFFORD H. OWEN et al., Respondents, Impleaded with Others.

Real property — dower — fraud — estoppel — pleading — inchoate right of dower protected from fraudulent destruction equally with perfected one — sufficiency of complaint alleging fraudulent deprivation of inchoate right of dower — judgment of foreclosure and sale as part of fraudulent scheme no bar to relief — that plaintiff was party to foreclosure action does not affect her right to maintain this — wife of husband's agent who bid in property, but subsequently transferred same not a proper party to action — agent a proper but not necessary party.

1. The right of dower is perhaps the most highly and widely cherished property right resulting from marriage and one which the courts have

**212** BYRNES *v.* OWEN.

been alert to protect from fraudulent destruction. The protective attitude extends to an inchoate right of dower equally with a perfected one.

2. A complaint states a cause of action which alleges that the defendant husband for the purpose of accomplishing his plan to deprive his wife of her dower right procured her to execute a small mortgage on premises worth much more than the amount of the incumbrance; that subsequently and for the purpose of accomplishing his unlawful purpose he refused, although able to do so, to pay the indebtedness secured by such mortgage and for which he was directly and primarily liable, actively urged and procured the mortgage to be foreclosed, and on the sale with money supplied by him procured one of the defendants, as his agent and attorney, to bid off the premises which were subsequently transferred without consideration to his sister who now holds the title.

3. A contention that because a judgment of foreclosure and sale was one of the steps in the fraudulent scheme to deprive plaintiff of her dower right, the result is immune from attack and the plaintiff barred from any relief against the injury which has been perpetrated upon her, cannot be sustained. Under no principle or rule is a judgment procured on such facts, as a step in the accomplishment of a fraudulent purpose, a defense to the person fraudulently procuring it to be recovered or a bar to equitable relief either against him or those who acted as his agents and representatives in attempting to capture for his benefit the proceeds of the fraud.

4. Nor is the problem affected by the fact that this plaintiff was a party to the foreclosure action. The facts which she now alleges would not have raised an issue or presented a defense in the foreclosure action. They were outside the issues in that action and it would have been no answer to the attempt of the mortgagee to collect his mortgage that the husband who was bound and able to pay his obligations was purposely refraining from so doing in order to fraudulently deprive his wife of her inchoate right of dower. (*Gilson* v. *Hutchinson*, 120 Mass. 27, 32; *Brownell* v. *Briggs*, 173 Mass. 529, 532; *Munroe* v. *Crouse*, 59 Hun, 248, approved; *Phelps* v. *Phelps*, 143 N. Y. 197; *Melenky* v. *Melen*, 233 N. Y. 19, distinguished.)

5. The wife of the husband's agent and attorney, who bid in the property, is not a proper party to the action. The only allegations against her are that she acquired an inchoate right of dower when the title to the premises in question passed to her husband, and this inchoate right has been entirely cut off by her joining in the conveyance subsequently executed by him.

6. The agent and attorney, however, is a proper though not a necessary defendant. The complaint alleges in effect that he was a party

to the conspiracy, buying in the property as agent and thereafter conveying it to the husband's sister. If it should develop on the trial that the sister had afterwards conveyed to a purchaser in good faith, or was such a purchaser herself, the plaintiff might be entitled to some form of equitable relief against the intermediary who had fraudulently co-operated to despoil her of her dower. Furthermore, if he were not a party to the action, he might be heard to deny hereafter that his conveyance to the sister, whatever its form, was absolute in fact. He might claim that it was subject to a trust, or that it was security for a debt. The plaintiff is at liberty to join him to the end that such claims may be foreclosed.

*Byrnes* v. *Owen*, 213 App. Div. 352, modified.

(Argued May 7, 1926; decided July 9, 1926.)

Appeal from a judgment entered July 23, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion for a dismissal of the complaint and granted said motion.

*Florence J. Sullivan* and *John F. Couts* for appellant. The complaint states a good cause of action with respect to the damage plaintiff suffered by reason of the fraud committed by her husband and his agent, by which said husband in form disposed of his real estate by fore-closure of the mortgage thereon and having the title transferred to his agents, the immediate result of which was to deprive plaintiff of her dower right therein. (*Youngs* v. *Carter*, 10 Hun, 194; *Melenky* v. *Melen*, 233 N. Y. 22; *Wright* v. *Douglass*, 7 N. Y. 564; *Murray* v. *Miller*, 178 N. Y. 316; *Monypeny* v. *Monypeny*, 202 N. Y. 90; *Wainwright* v. *Low*, 132 N. Y. 313; *Bookout* v. *Bookout*, 150 Ind. 63; *Walker* v. *Walker*, 66 N. H. 390; *Brownell* v. *Briggs*, 173 Mass. 529; *Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451; *Wallace* v. *Jones*, 182 N. Y. 37; *National Contracting Co.* v. *Hudson R. W. P. Co.*, 170 N. Y. 439; *Ellsworth* v. *Agricultural Society*, 99 App. Div. 119; *Miliken* v. *Western Union Tel. Co.*, 110 N. Y. 403; *Barber* v. *Rowe*, 200 App. Div. 295.) A further item of

damage was suffered by plaintiff when her husband committed the fraud by which paper title was passed to his agents, to wit, it defeated her right to satisfy her judgment for alimony out of the real estate belonging to her husband, by execution or other process. Plaintiff is a judgment creditor of her husband. (*National Tradesmen's Bank* v. *Wetmore,* 124 N. Y. 241.) The inchoate right of dower is a valid and subsisting right and the courts will protect it; this right is in the care of the law. (*Clifford* v. *Kampfe,* 147 N. Y. 383; *Platt* v. *Brick,* 35 Hun, 126; *Babcock* v. *Babcock,* 53 How. Pr. 97; *Matter of Brooklyn Bridge,* 75 Hun, 561; *Wood* v. *Rabe,* 96 N. Y. 414; *Garfield* v. *Hatmaker,* 15 N. Y. 475; *Kain* v. *Larkin,* 141 N. Y. 144; *Whittlesey* v. *Delaney,* 73 N. Y. 575.) A debtor cannot defeat the rights of creditors by concealing his ownership of lands. Equity follows the law and avoids circuity of action. (*Bowery National Bank* v. *Duncan,* 12 Hun, 410; *Picket* v. *Garrison,* 76 Iowa, 347; *Livermore* v. *Boutelle,* 77 Mass. 217.) On the face of the allegations in the complaint, it appears that the plaintiff's husband transferred his real estate to his attorney, without consideration, to defeat the judgment for alimony held by appellant and her dower right. This transfer was void. (*Ford* v. *Harrington,* 16 N. Y. 293; *Sloan* v. *Birdsall,* 58 Hun, 321.)

*Clifford H. Owen* for respondents. The complaint states no cause of action in fraud. (*Albany County Savings Bank* v. *Bartow,* 115 Misc. Rep. 233; 201 App. Div. 879.) The present interest of the defendant husband in the real estate involved is not one in which the plaintiff has a dowable estate. (*Gabler* v. *Gabler,* 118 Misc. Rep. 534; *Melenky* v. *Melen,* 233 N. Y. 19; *Nichols* v. *Park,* 78 App. Div. 95; *Rumsey* v. *Sullivan,* 150 N. Y. Supp. 287; *Phelps* v. *Phelps,* 143 N. Y. 199.)

Hiscock, Ch. J. The Appellate Division, reversing the Special Term, has granted respondents' motion to

dismiss the complaint as not stating a cause of action and the subject presented to us for consideration is the correctness of this decision. I shall pass for the moment the question whether the defendants Owen are proper parties and consider the more important questions involved in the appeal.

The plaintiff for several years has been the wife of the defendant Byrnes, and the object of her action is relief from what she alleges has been a fraudulent transfer of real estate of which her husband had the ownership and title during their marriage. The complaint makes some approach to the statement of a cause of action to set aside the transfer of this real estate because made with intent to defraud her as a creditor. This approach, however, is probably inadvertent because no attempt is made upon this appeal to sustain the complaint as setting forth such a cause of action. The effort to uphold its sufficiency is based rather upon the claim that it shows that the husband with the aid of other defendants caused himself to be divested of the legal title to his real estate for the purpose of fraudulently depriving plaintiff of her dower right therein, while at the same time retaining for himself the beneficial ownership of the land, and I shall consider solely that claim. For the purpose of setting forth this latter cause of action the complaint by its material allegations in substance alleges the marriage of plaintiff and defendant Byrnes, and the ownership with legal title by the latter of the real estate; that with the object of effecting the alleged fraudulent destruction of plaintiff's dower right the husband procured her to join with him in the execution of a mortgage upon the premises to secure the payment of a sum of money which he personally undertook to repay; that subsequently and in furtherance of his unlawful purpose he purposely refrained from paying his obligation although able to do so and caused to be instituted and prosecuted to judgment an action for the foreclosure of said mortgage; that on the

sale under said judgment the respondent Owen, acting as agent and attorney for the husband and with money furnished by the latter, bid off and purchased the premises which he thereafter conveyed without any consideration to the defendant's sister, who also acted as his agent in his fraudulent scheme and who now holds the title to the property; that the equity in the property above said mortgage was of substantial value. Thrown in with these allegations and of no particular importance except as they furnish the background against which stand out the alleged fraudulent acts of the defendant, are allegations that the plaintiff brought an action for a separation against her husband in which there was an allowance of alimony which, owing to the successful evasion by defendant of his obligations, has reached an accumulated unpaid amount of over $14,000. It has been held that this treatment by the defendant of his wife, if not faultless, is nevertheless beyond the corrective and relieving powers of a court of equity, but I am not able to take this view.

There can, of course, be no question under the allegations of the complaint, that plaintiff's husband was legally seized of the premises in question and that thereby the plaintiff acquired an inchoate right of dower therein of which she now stands deprived by means of the acts which are set forth. Neither is there any occasion to expect dispute of the proposition that such right of dower is perhaps the most highly and widely cherished property right resulting from marriage and one which the courts have been alert to protect from fraudulent destruction such as is alleged in this action. This protective attitude on the part of courts extends to an inchoate right of dower equally with a perfected one because it is well settled that an inchoate right during the life of the husband furnishes a basis for relief such as is here being sought. (*Youngs* v. *Carter*, 10 Hun, 194, 200; *Douglas* v. *Douglas*, 11 Hun, 406, 408.)

As I understand it there is no doubt of all this and

there would be little or no question in this case of plaintiff's right to be relieved from the fraudulent deprivation of her right of dower if such deprivation had been accomplished by ordinary steps which were not covered by the cloak of legal proceedings. But whether I am correct in this understanding or not there can be no real question that such is the law, for it is to be remembered that we are not at all dealing with a case where a husband in good faith and in the exercise of an honest judgment has refrained from paying a mortgage superior to his wife's dower right, but with a case where the conduct of the husband exhibits no feature of honesty or good faith but is thoroughly saturated with a fraudulent purpose which subjects to condemnation acts which otherwise might have been justifiable. Under such conditions the action of the courts in protecting the rights of the wife has not been tinctured by any uncertainty. (*Youngs* v. *Carter, supra; Bookout* v. *Bookout,* 150 Ind. 63; *Walker* v. *Walker,* 66 N. H. 390; *Brownell* v. *Briggs,* 173 Mass. 529.)

It seems to be thought, however, that because a judgment of foreclosure and sale was one of the steps in the fraudulent scheme to deprive plaintiff of her dower right, the result is immune from attack and the plaintiff barred from any relief against the injury which has been perpetrated upon her. That is where the important difference of opinion seems to arise and, for the better analysis of the question the facts, as alleged in this immediate connection, will bear repetition. They are to the effect that the defendant husband for the purpose of accomplishing his plan to deprive his wife of dower right procured her to execute a small mortgage on premises worth much more than the amount of the incumbrance; that subsequently and for the purpose of accomplishing his unlawful purpose he refused, although able to do so, to pay the indebtedness secured by such mortgage and for which he was directly and primarily liable and actively

urged and procured the mortgage to be foreclosed and on the sale with money supplied by him procured the defendant Owen as his agent and attorney to bid off the premises which were subsequently transferred without consideration to the sister who now holds the title.

Thus the real estate of which the husband was seized subject to plaintiff's dower right has been worked around to a point where it is held for his benefit free from this right and I am aware of no principle or rule that a judgment procured on such facts as a step in the accomplishment of a fraudulent purpose is a defense to the person fraudulently procuring it to be recovered or a bar to equitable relief either against him or those who acted as his agents and representatives in attempting to capture for his benefit the proceeds of the fraud. I assume that the judgment was a valid and effective adjudication in behalf of the mortgagee that he was entitled to have foreclosure and collection of his mortgage by sale of the premises. I also assume that a *bona fide* purchaser bidding off the premises on the sale would have acquired a title free of plaintiff's rights. But those assumptions do not impair the strength of plaintiff's claim. That claim involves consideration of the *use* which the defendant is attempting to make of the judgment and presents the question which I think must be answered in the negative whether a fraudulent scheme like this can be any more successfully consummated by the use of a judgment forced by the fraudulent actor, than by the employment of some other means. No attack is made upon the decree so far as it decides the legitimate issues involved in the action leading up to it. It is only its use as a means of accomplishing an unlawful object which is assailed and, so far as that is concerned, I do not see that it is any more effective than would be a deed or other transaction which was made a fraudulent means to the accomplishment of a forbidden end. The fraudulent purpose affects and condemns the use and to that extent limits its effect.

Nor in my opinion is the problem at all affected by the fact that this plaintiff was a party to the foreclosure action.  It is alleged that at that time she was ignorant of the fraud which was being perpetrated upon her. But independent of that the facts which she now alleges would not have raised an issue or presented a defense in the foreclosure action.  They were outside the issues in that action and it would have been no answer to the attempt of the mortgagee to collect his mortgage that the husband who was bound and able to pay his obligations was purposely refraining from so doing in order to accomplish the result which has been pointed out.  It was no valid defense or equitable offset to the mortgagee's right to collect his debt that the husband fraudulently refrained from paying it.  (*Decker* v. *Decker*, 108 N. Y. 128; *Lilienthal* v. *Betz*, 185 N. Y. 153, 158; *Lynch* v. *Burt*, 132 Fed. Rep. 417, 427; *Turner* v. *Kuehnle*, 70 N. J. Eq. 61.)

Fortunately, on this question, we are not compelled to rely on mere general principles as a basis for the views which have been stated, for decisions are at hand which recognize and quite directly affirm their correctness when applied to facts such as are here set forth, and hold that a wife's dower right is not cut off by judgment in a foreclosure action to which she is a party when such foreclosure is wrongfully caused for that very purpose by refusal to pay the mortgage on the part of those who were bound to do so.  (*Gilson* v. *Hutchinson*, 120 Mass. 27, 32; *Brownell* v. *Briggs*, 173 Mass. 529, 532; *Munroe* v. *Crouse*, 59 Hun, 248.)  The latter case in its outstanding facts was strikingly similar to the present one and its authority, so far as I am aware, has never been questioned.  The plaintiff had joined with her husband in executing a mortgage upon an undivided interest in real estate which subsequently became valuable.  The defendants purchased such interest under circumstances which imposed upon them the primary duty of paying the

mortgage. Instead of doing this they refused to pay the interest thereon for the purpose as stated in the opinion " of compelling a foreclosure of the mortgage, intending thereby especially to cut off the plaintiff's claim of dower [her husband having died in the meantime] and deprive her of any rights or interest she might have in said premises." Their plan was consummated by foreclosure action to which the wife was a party and they bid off the premises on the sale. In the action by plaintiff to assert her dower right notwithstanding such foreclosure and sale they claimed, as is asserted here, that the property had been purchased on a foreclosure sale and title obtained which divested plaintiff of her dower, and the court stated: " The only real question * * * is whether the title acquired by the defendants by their purchase at the sale on the foreclosure of the mortgage was a bar to the plaintiff's action for dower," and it was held that it was not. It is not at all overlooked that in that case it was held that the defendants by reason of the terms of their original purchase whereby the amount of the mortgage was credited on the purchase price had become burdened with a duty to apply such amount to the payment of the mortgage for which they had become primarily liable. Those facts in my opinion, however, do not at all distinguish the principle of that case from the present one. Here the defendant husband was under a primary obligation to pay the mortgage and he fraudulently refrained from performing that act in order to deprive the plaintiff of her right of dower. In each case the principal actor refused to do what he should have done in order to accomplish the same purpose, and it makes no difference to equity whether the claim to its relief is based upon an allegation of breach of duty or upon an allegation of an attempt by affirmative fraud to accomplish an unrighteous result. Certainly this and the other cases cited are authority for the proposition that equity is not confronted by any insurmountable barrier to the relief which it

would otherwise afford to the victim of a fraud, because somewhere in the scheme leading to this fraud there is found a judgment which was a well-defined step in its attempted accomplishment.

The cases which are especially relied on as sustaining respondents' view that this complaint does not state a cause of action, not only do not do this but one of them, in my opinion, indirectly sustains the contrary view. In the case of *Phelps* v. *Phelps* (143 N. Y. 197) the attempt was being made by a wife to establish a right of dower in lands whereof her husband had never been seized and this court, in its refusal to give her the relief which she desired based its decision solely upon such lack of seizin. It seems to me that that case was quite different than the present one in which the husband is seeking to deprive the wife of a right which she has already acquired, by fraudulent methods. In the case of *Melenky* v. *Melen* (233 N. Y. 19), and which is the last case in this court dealing with this general question, the plaintiff was seeking to establish a right of dower in lands conveyed by her husband in good faith before marriage to his son under a trust, and a life estate wherein was subsequently reconveyed by the son to the father, one of the purposes of the limited conveyance being to prevent the wife from acquiring a dower right. This court refused to grant her the relief which was desired, holding amongst other things that the original transfer by the husband could not be a fraud upon the plaintiff because made before the marriage, that the plaintiff's husband was the only one who had a right of action against the son for failure to comply with the trust and that so long as he was satisfied with what had been done the wife had no right of action such as she was trying to enforce. But Judge CARDOZO, writing in behalf of the court, significantly added: "This is not a case where the *grantor* has attempted by a clandestine transfer of the title to modify the incidents of a marriage about to be contracted [referring to cases herein cited].

The transfer was made to promote his' [the husband's] business convenience, when no marriage was in view. He is not subject to the reproach of plotting a fraud upon his wife." It would seem as though these latter sentences were a pretty definite indication that when the husband passed beyond the realm of legitimate and honest treatment of his wife and attempted to deprive her by a fraudulent scheme of that to which she was entitled in the way of dower right, the court would not dismiss her appeal to equitable powers for relief against the wrong which was being attempted.

There remains the question of less general importance than those already discussed whether it was permissible, even though not necessary, to join as parties the defendants Owen. This question has not been discussed with any thoroughness by counsel and, therefore, we are without the benefit of any well-considered views on their part.

It is too clear to require debate that the defendant Ruth M. Owen is not a proper party. The only allegations against her are that she is the wife Clifford H. Owen and, therefore, acquired an inchoate right of dower when the title to the premises in question passed to him. But this inchoate right has been entirely cut off by her joining in the conveyance subsequently executed by him.

The question in the case of Clifford H. Owen is somewhat more difficult but ·a majority of the court think that the defendant Clifford H. Owen is a proper though not a necessary defendant. The complaint alleges in effect that he was a party· to the conspiracy, buying in the property as agent and thereafter conveying it to the husband's sister. If it should develop on the trial that the sister had afterwards conveyed to a purchaser in good faith, or was such a purchaser herself, the plaintiff might be entitled to some form of equitable relief against the intermediary who had fraudulently co-operated to despoil her of her dower. (*Mack* v. *Latta*, 178 N. Y. 525, 529, and cases cited; *Hedden* v. *Griffin*, 136 Mass.

229; *Valentine* v. *Richardt*, 126 N. Y. 272.) It cannot be said in advance whether such relief will be appropriate and, therefore, the plaintiff is entitled to bring in as parties to the record all the participants in the conspiracy against whom in any contingency relief may be awarded.

It is thought that joinder of the intermediate grantee is permissible for still another reason. If he were not a party to the action, he might be heard to deny hereafter that his conveyance to the sister, whatever its form, was absolute in fact. He might claim that it was subject to a trust, or that it was security for a debt. The plaintiff is at liberty to join him to the end that such claims may be foreclosed. (*Cook* v. *Lake*, 50 App. Div. 92, 94; *City Equity Company* v. *Elm Park Realty Company*, 135 App. Div. 856, 859.)

In reaching these conclusions we do not pass upon the form of plaintiff's prayer for relief. Independent of any other questions which may arise of course she will have no claim for rents and profits upon the complaint as now framed.

The judgment, therefore, in favor of the defendant Ruth M. Owen should be affirmed, with costs, and the judgment of the Appellate Division in favor of the defendant Clifford H. Owen reversed and the order of the Special Term should be affirmed, with costs in this court and the Appellate Division.

McLAUGHLIN, J. (dissenting in part): On the 2d of June, 1910, the plaintiff and the defendant Sylvester Byrnes were married. At the time of the marriage he was the owner of certain real estate described in the complaint. On the 19th of November, 1910, and while they were living together as husband and wife, Sylvester Byrnes and the plaintiff executed and delivered a mortgage to the Title Insurance Company of New York for $2,500 upon such real estate, which mortgage was accompanied by Sylvester Byrnes' bond in which he promised to pay the amount at the time

and in the manner specified in the mortgage. The mortgage was recorded, and on the 30th of November 1910, it and the bond accompanying the same were assigned to one Trowbridge, which assignment was also recorded. Default having been made in the payment of the principal and certain interest secured by the mortgage, Trowbridge, on the 6th of November, 1913, commenced an action to foreclose and in that action the plaintiff and said Byrnes were made defendants. The foreclosure action resulted in a judgment of foreclosure and sale, and for the latter purpose one Cogswell was appointed referee to sell. In due time the property was sold and was purchased by the respondent Clifford H. Owen, to whom the referee gave a deed which was recorded on the 14th of March, 1914. Thereafter, and on or about the 21st of April, 1919, Owen and his wife, Ruth M., conveyed the premises to the defendant Margaret J. Byrnes, a sister of Sylvester Byrnes.

This action was commenced on the 24th of March, 1925, to procure a judgment that the defendant Sylvester Byrnes fraudulently, and with the intent and purpose of defrauding the plaintiff and depriving her of her inchoate right of dower in the real estate described, permitted and caused the said mortgage to be foreclosed notwithstanding the fact that he was at all times able and had the means to pay the amount due; that at the sale under the foreclosure judgment he induced the respondent Owen, as his agent, to bid in the property and take the title thereto, Byrnes having furnished the purchase money; that Owen held the title to the premises as such agent until he conveyed the same to Margaret J. Byrnes, she also taking the title as the agent of Sylvester Byrnes, and paying no consideration for such conveyance; that the defendant Margaret J. Byrnes be directed to reconvey to Sylvester Byrnes; that she account for the rents and profits while she held the title and that Owen also be directed to account for the rents and profits while he held title;

for an injunction preventing a transfer during the pendency of the action, and for the appointment of a receiver during such time.

The complaint sets up the facts above stated and, in addition thereto, alleges that the earnings of Sylvester Byrnes aggregated, during all the times specified in the complaint, at least $600 monthly. It also alleges that on the 11th of March, 1912, the plaintiff procured a judgment of separation from the defendant Byrnes upon the ground of abandonment, which judgment awarded her the sum of $150 per month alimony payable on the first day of each and every month during the life of said Byrnes, and that there is now due of such alimony upwards of $14,000 which Byrnes has neglected and refused to pay.

After the complaint had been served upon the respondents, they moved, pursuant to rule 106 of the Civil Practice Act, for an order dismissing the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action against them. This motion was denied and they appealed to the Appellate Division, which reversed the order of the Special Term and granted the motion and dismissed the complaint as to them. The plaintiff appeals to this court.

The question presented by the appeal is, Do the facts alleged in the complaint, assuming as we must that such facts are true, constitute a cause of action against the Owens? I do not think they do. The plaintiff's theory of her right to maintain the action apparently is that the husband's fraudulent acts and those of the other defendants acting in his behalf have been to deprive her of her inchoate right of dower in the real estate in question. The statute provides that "A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage." (Real Property Law, sec. 190; Cons. Laws, ch. 50.) The plaintiff's husband is not seized of such an estate nor has he been since the mortgage was fore-

15

closed and the sale made in pursuance thereof.   The plain-
tiff joined in the mortgage and thereby, if the mortgage was
not paid, extinguished her inchoate right of dower.   It is
not claimed, and could not well be according to the facts
set forth, that she was induced to join in the execution of
the mortgage by reason of any deception or fraud practiced
upon her.   It is not claimed, and could not well be, that
she was misled or deceived as to the foreclosure, other
than that Sylvester Byrnes had the means to pay the
amount due and was obligated to do so under his bond,
and that his failure in this respect was for the sole purpose
of depriving plaintiff of her inchoate right of dower.   I
know of no authority, nor have I been able to find any,
to support the contention that his failure to make the
payment when he was able to do so and thus prevent a
sale constituted a fraud which entitles the plaintiff to the
equitable relief asked.   Assume that Byrnes deliberately
permitted the mortgage to be foreclosed, knowing that
the result would be the destruction of plaintiff's inchoate
right of dower.   Such action on his part did not con-
stitute an infringement of her rights since he was under
no duty to take affirmative steps for her protection.   The
plaintiff, as already indicated, voluntarily joined in the
execution of the mortgage.   She was made a party
defendant in the foreclosure action.   I do not understand
that any fraud is alleged with reference to the proceedings
of foreclosure, other than that the defendant Byrnes
should have paid the amount due.   Being a defendant
in that action, if there was any fraud in the foreclosure
proceedings, then it was her duty in such action to have
alleged and proved the same.   Having failed to do this,
she cannot now in an action brought nearly twelve years
afterwards be heard to say that the foreclosure action
was not regularly maintained.   (*Albany County Savings
Bank* v. *Bartow,* 115 Misc. Rep. 233; affd., 201 App. Div.
879.)   He was under no obligation, so far as she was con-
cerned, to pay the mortgage if he did not see fit to do so.

I know of no authority which enables a wife to compel her husband to use his personal property as she desires, except in the case of her support and the support of her children. (*Phelps* v. *Phelps,* 143 N. Y. 197; *Melenky* v. *Melen,* 233 N. Y. 19; *Nichols* v. *Park,* 78 App. Div. 95.)

Under the facts alleged Sylvester Byrnes could undoubtedly maintain an action against the defendant Margaret J. Byrnes to compel her to reconvey to him the real estate in question, since she took and now holds the title as his agent and having paid no consideration therefor. This he does not see fit to do and it is not for the plaintiff to say that he should do so for her benefit. The fact is not disputed that the legal title has not been in the defendant Sylvester Byrnes since the foreclosure of the mortgage and the sale thereunder. In *Melenky* v. *Melen* (*supra*), one Reuben Melen conveyed certain land to his son Asher P. Melen under an agreement by which the son promised to reconvey to this father upon demand. Sometime thereafter the father married the plaintiff, telling her that he owned this real estate. After the marriage the son refused to comply with the demand to reconvey the premises. He did, however, give to his father a life lease which was accepted, and the father refused to bring an action to enforce the agreement to reconvey. The purpose of the son in refusing to reconvey, as well as the purpose of the father in refusing to bring an action to compel the son to carry out the agreement which he had made, was to deprive the plaintiff of her inchoate right of dower. The father's wife (the stepmother of the son) thereupon brought an action to procure a judgment establishing her inchoate right of dower and for a reconveyance to the husband. The son demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the Special Term and the Appellate Division, but on appeal to this court it was sustained and the complaint dismissed. The decision was placed squarely

## 228 BYRNES *v.* OWEN.

upon the ground that the husband's interest in the real estate was not an estate of inheritance and as such subject to the wife's dower interest.   In the opinion delivered by this court, in which the other members concurred, Judge Cardozo said: " This grantor has not attempted to enforce his chose in action.   He has not asked a court of equity to undo the conveyance and re-establish the divested title.   He is willing to let the transaction stand, or unwilling, at all events, to take active measures to annul it.   We are now asked to say that the wife may reclaim what the husband would abandon.   This means, of course, that the chose in action is not solely his, but is hers also, to the extent of the benefit that would come to her if he had chosen to enforce it.   We find no adequate basis for such a conclusion either in principle or in precedent." In the case just cited the plaintiff's husband could have brought an action in equity to compel the son to reconvey. This he did not do, taking instead a life lease.   His purpose as well as the purpose of the son was obviously to deprive the wife of her inchoate right of dower.

In the case at bar the defendant Sylvester Byrnes is in a position to compel a reconveyance to him by Margaret J. Byrnes but, as in the case just cited, he does not do this and is satisfied to let the transaction stand as it is. And this court is without power to compel him to act for the wife's benefit.

In *Phelps* v. *Phelps* (*supra*) the husband purchased certain real estate and, for the purpose of depriving the wife of her inchoate right of dower therein, took title in a dummy, the husband, however, having the beneficial use as well as the management and control of such real estate.   The wife there brought an action to establish her inchoate right of dower, alleging as the basis of such action the fraudulent acts of the husband in placing the title where her inchoate right of dower would not attach; that such action on his part was a fraud in that it deprived her of a right which she otherwise would have.   This

court held the action could not be maintained. (See, also, *Nichols* v. *Park, supra; Leonard* v. *Leonard,* 181 Mass. 458; *Seaman* v. *Harmon,* 192 Mass. 5.)

But irrespective of whether the action can be maintained against Sylvester Byrnes and Margaret J. Byrnes, I am unable to see how in any view it could be maintained against these respondents. Certainly the respondent Ruth M. Owen is neither a necessary nor a proper party to the action. There are no allegations in the complaint which connect or tend to connect her in any way with the transactions alleged to be fraudulent, other than that she joined with her husband, Clifford H. Owen, in the conveyance to Margaret J. Byrnes for the purpose of cutting off any dower interest in the property which she may have had because of the legal title having been vested in her husband. The complaint as to her, therefore, was properly dismissed. It is difficult for me to conceive upon what theory the husband, Clifford H. Owen, has been made a party to this action. The only connection which he is alleged to have had with the title to the real estate is that he held the legal title as the agent and dummy of the defendant Sylvester Byrnes. The complaint alleges that on the 21st of April, 1919, more than six years ago, he conveyed the title to the premises to Margaret J. Byrnes, thereby divesting himself of all interest in the same. Why should he be made a party? It is not claimed that he has any interest in the real estate. Whatever interest he may have once had, if any, he voluntarily passed to Margaret J. Byrnes. What more can the plaintiff ask, so far as he is concerned? What more could a judgment do if plaintiff obtained one? He makes no claim to the property. The complaint alleges that any title which he may once have had has passed to Margaret J. Byrnes. If plaintiff can obtain a judgment directing her to reconvey to Sylvester Byrnes, that is all she can ask and all to which she would be entitled.

But it is urged that the complaint asked for an accounting by Clifford H. Owen of the rents and profits of the premises while he held the title. Accounting to whom? Certainly not to the plaintiff. She has no interest in the rents and profits. Nor is she in a position to ask for an accounting for and on behalf of Sylvester Byrnes. If Owen is indebted to Byrnes, he and not the plaintiff is the person to enforce his claim. Not only this but there are no allegations in the complaint to the effect that Owen ever agreed to pay to Sylvester Byrnes the rents and profits while he held the title. Nor is there any allegation that Owen ever went into occupation or possession of the premises, collected any rents, or realized any profits through the title which he held. Obviously, under such circumstances, the plaintiff is in no position to ask for an accounting from Owen.

Finally, it is suggested that the action can be maintained as a judgment creditor's action. The complaint will be searched in vain to find the necessary facts alleged to permit the maintenance of such an action. Before a judgment creditor's action can be maintained, the creditor must exhaust his remedy at law. Here there is not a pretense that the plaintiff has exhausted her remedy at law. If Byrnes has been and is now receiving $600 per month, then there is a way in which she can reach at least a portion of it, in payment of her alimony. The issuance of an execution and the return of the same unsatisfied are the usual prerequisites to the maintenance of a judgment creditor's action. If, as plaintiff alleges, Sylvester Byrnes is the real owner of the real estate in question, sequestration proceedings might possibly be resorted to or the property levied upon and sold under an execution. The action cannot be maintained as a judgment creditor's action upon the facts set out in the complaint, without violating every principle relating to such actions of which I am aware.

The order and judgment appealed from, therefore,

should be affirmed, with costs in this court and in the Appellate Division.

CARDOZO, POUND and ANDREWS, JJ., concur with HISCOCK, Ch. J.; McLAUGHLIN, J., writes opinion dissenting in part, in which CRANE, J., concurs; LEHMAN, J., not voting.

Judgment accordingly.