EVELYN RUTH McKENNEE, Respondent, v. BRICK REALTY CORPORATION and Another, Appellants, Impleaded with CORNING G. McKENNEE, Defendant.— Action to declare plaintiff's inchoate right of dower in property sold in a foreclosure action, which action is alleged to have been instituted with the fraudulent purpose of depriving plaintiff of such inchoate right of dower. Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion the proofs fell short of establishing the purchase of the property on the foreclosure sale by a dummy for the husband, the mortgagor. While it was properly found by the learned trial court that the premises were of a value substantially in excess of the amount of the mortgage, and that the husband could have prevented foreclosure by meeting the mortgage obligations as to taxes and interest, the proofs did not reach the dignity of permitting a finding that the purchaser was not a *bona fide* one. In the case of *Byrnes* v. *Owen* (243 N. Y. 211), relied on by plaintiff and by the Special Term, the question presented arose on the alleged insufficiency of the complaint; and in construing the complaint the facts alleged were determined as though plaintiff had made proof thereof. The material allegations upon which the complaint in the cited case was upheld were that the bidder at the foreclosure sale, acting as agent and attorney for the husband and with money furnished by the latter, bid off and purchased the premises which he thereafter conveyed without any consideration to the husband's sister, who also acted as agent in his fraudulent scheme of causing to be instituted and prosecuting to judgment the foreclosure action so as to deprive his wife of her inchoate right of dower. So that the bidder and sister were acting for the husband with money furnished by him. In the case at bar the husband was under no obligation, so far as the plaintiff was concerned, to pay the mortgage if he did not see fit to do so. In the absence of a showing that his money was furnished to buy in the property on the foreclosure, or that he retained an interest in the property, the plaintiff cannot succeed. Upon a new trial it may be shown that the husband supplied or caused to be supplied the bidding money, or that the rents since the foreclosure have been or are being paid to him directly or indirectly, or that the property bought in at the foreclosure sale is being held for his benefit. Findings of fact numbered eleventh, twelfth, twentieth, twenty-first, twenty-fifth, twenty-seventh, twenty-eighth, twenty-ninth, thirty-first,

thirty-fourth, thirty-fifth and thirty-sixth, and the conclusions of law are reversed. Lazansky, P. J., Young and Kapper, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm.